## Creasy v. Lawler

*Kountz, Fry & Meyer*, for plaintiff.

*Leonard M. Mendelson, Joseph L. Donnelly*, Deputy Attorney General, and *Herbert B. Cohen*, Attorney General, for defendant.

SOHN, J., December 17, 1956.—Plaintiffs have filed a class complaint in equity asking this court to decree that the Act of May 29, 1945, P. L. 1108, as amended, 36 PS §2391.1, et seq., contravenes and violates the Constitution of Pennsylvania and the Constitution of the United States. The act in question is the one more familiarly known as The Limited Access Highway Act. Plaintiffs further request that we restrain the Governor of the Commonwealth of Pennsylvania and the Secretary of Highways of the Commonwealth of Pennsylvania from declaring the highway extending from the intersection of Routes 22 and 30 to the Greater Pittsburgh Airport in Allegheny County, Pa., known as the "Airport Parkway" to be a limited access highway and from interfering with direct ingress

and egress between plaintiffs' property and the said highway, pending hearing of the issue. They also ask that defendants be forever enjoined from said declaration and said interference.

Defendants have filed preliminary objections to plaintiffs' complaint in equity. Specifically, those objections are: (1) The complaint fails to state a cause of action; (2) plaintiffs have an adequate remedy at law; (3) this court (the Dauphin County Court) is without jurisdiction to grant the relief sought by plaintiffs.

Exhaustive briefs have been filed by counsel on both sides of the case and detailed argument was held before the Dauphin County court. The greater part of the argument has been directed to the various constitutional questions raised, and the act itself has been assailed for those reasons. As the complaint indicates, there is at present pending in the United States District Court for the Western District of Pennsylvania an equity suit between the same parties and involving the same issues. That case is listed as Creasy et al. v. Lawler et al., civil action no. 13672. The same relief is asked in this last named case as in the case at bar. The district court has entered a temporary restraining order against the defendants. The suit now before us was instituted because the Federal judges have been unwilling to render a decision until the statute under attack has been first interpreted by the State courts.

Plaintiffs, who claim they are the owners of land and various business properties abutting upon the highway in question, are fearful that their alleged right of ingress and egress will be taken from them without compensating them therefor. They claim that as abutting property owners they have a right of direct access to the presently free-access Airport Parkway, and that this right is a property right which cannot be taken from them without the payment of just com-

pensation. They allege that if their direct access to the Airport Parkway is cut off they will not receive any compensation for the loss of their property.

On the other hand, defendants maintain that plaintiffs are seeking to have the Dauphin County court, sitting in equity, substitute itself for the board of viewers which is established by the provisions of the very act itself. In effect, plaintiffs ask this court to determine whether or not a taking of property has occurred and what damages shall be awarded therefor, and that, if the depriving them of access is found to be a taking of a compensable property right, that plaintiffs' legitimate interests will be constitutionally safeguarded by a resort to viewers proceedings and, if necessary, by later appeals to the courts.

We believe that out of the many questions raised in this case there is only one which this court is called upon to decide; namely, Do plaintiffs have an adequate remedy at law by which they may litigate their right to recover from the Commonwealth any and all of the rights which they claim to be theirs if the present Airport Parkway is declared to be a limited access highway? Our answer must be in the affirmative.

Plaintiffs herein do not contest the right of the Commonwealth to exercise its power of eminent domain. This power is so well established that it needs no citation of authority to support it. At all times plaintiffs can rely on the provisions of the Constitution of Pennsylvania, article I, sec. 10, that no private property shall be taken or applied to public use "without just compensation being first made or secured". Neither do plaintiffs seem to question the Commonwealth's right to exercise its power of eminent domain, in that it can cut off an abutting property owner's direct access to a presently existing free-access highway. Plaintiff's main attack here is on the right of the Commonwealth to deny an abutting property

owner's direct access from his property to an existing free-access highway *without compensation.* What the property owners here are asking this court to do is to judicially declare that an abutting property owner's direct access to the existing free-access highway is a property right for which compensation is *constitutionally* required, and later on to assess and award damages for such a taking. This, in a proceeding in equity, we cannot do. All of plaintiffs' rights can be protected and secured in a proceeding before viewers, as is provided in section 8 of The Limited Access Highway Act of May 29, 1945, P. L. 1108, as amended, 36 PS §2391.8.

The Supreme Court of Pennsylvania has made it indisputably clear that a Pennsylvania court, sitting in equity, has no jurisdiction to determine whether there has been a taking of private property for public use or to assess and award damages for such appropriating. See Gardner v. Allegheny County, 382 Pa. 88 (1955), where it is also held that relief is only obtainable by eminent domain proceedings. Here the legislature, in the Limited Access Highways Act, supra, has provided a way in which every property owner may have it decided whether he is entitled to compensation and, if so, when, for what, and in what amounts. Where the legislature has provided a way and a remedy, it becomes the exclusive remedy available: Hastings Appeal, 374 Pa. 120 (1953); section 13 of the Act of March 21, 1806, P. L. 558, 4 Sm. L. 326, 46 PS §156. For a late case see Jacobs v. Fetzer, 381 Pa. 262 (1955).

It is not for this court to determine whether an abutting property owner has a vested property right to direct access to an existing free-access highway. If such a right exists, plaintiffs have a statutory remedy to protect that right. Should the Commonwealth proceed, then *at that time* plaintiffs will have the right

to proceed before viewers on the question of their right to damages. In the orderly course of the procedure provided by The Limited Access Highways Act, they will have a right of appeal to the common pleas court and a jury trial, and still later to have their rights adjudicated in the appellate courts. At all times their constitutional rights, whatever they may be, will be guarded and protected.

There being a full, complete, and adequate remedy at law, of which all plaintiffs can avail themselves, we, therefore, make the following

*Order*

And now, to wit, December 17, 1956, defendants' preliminary objections to the complaint are hereby sustained, and the said complaint is dismissed at plaintiffs' cost.