Bobtown Sewage Company, Appellant, *v.*
Pennsylvania Public Utility
Commission.

Argued April 13, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*R. Wallace Maxwell,* with him *Challen W. Waychoff,* and *A. W. Waychoff,* for appellant.

*Anthony L. Marino,* Assistant Counsel, with him *Edward Munce,* Assistant Counsel, and *Joseph I. Lewis,* Chief Counsel, for Pennsylvania Public Utility Commission, appellee.

*W. Robert Thompson,* with him *Thompson and Baily,* for intervening appellee.

OPINION BY FLOOD, J., June 15, 1961:

This is an appeal from the refusal of the Public Utility Commission to grant a certificate of public convenience to the plaintiff for the operation of a sewage system.

The system was constructed by Jones and Laughlin Steel Corporation about 1926 to serve some three hundred homes constructed by it in Dunkard Township, Greene County, Pennsylvania, in connection with a coal mining operation of the corporation. The corporation furnished the use of the sewage system without charge to the occupants of the houses.

Although the system had cost $167,933.27 to build and $32,529 was spent later for repairs, the Steel Corporation, presumably wishing to be rid of the burden

of its operation, contracted on November 10, 1958, to sell it to Charles Balazick (who has transferred his right to the plaintiff) for $1.00 plus a credit of $3,000 to be applied against future charges to the corporation for use of the system. The conveyance was conditioned upon the obtaining, by June 30, 1959, of a certificate of public convenience from the Public Utility Commission for the operation of the system.

Plaintiff duly applied for this certificate. Dunkard School District and others opposed the petition, and, after the first hearing, the Dunkard-Bobtown Municipal Authority was chartered and intervened to oppose the grant. Later the authority by proper proceedings under the Municipal Authorities Act of May 2, 1945, P. L. 382, §1 et seq., as amended, 53 PS §301 et seq., acquired the sewage system by eminent domain. Thereafter plaintiff's application was refused upon the ground that it did not have and was not in a position to acquire the facilities necessary to render the proposed service.

Prior to the decision of the commission plaintiff had commenced a suit in equity in the Common Pleas Court of Greene County seeking to enjoin the authority from taking over the system. This suit is still pending and the question before us, as stated by the appellant, is whether the commission erred in denying plaintiff's application for a certificate upon the ground that it did not have the necessary facilities because they had been taken over by the authority, while the suit for an injunction against this acquisition is still pending against the authority.

The short answer to this is that since the plaintiff is not now in a position to render the service, there is ample evidence to sustain the order of the commission and it must be affirmed: Public Utility Law, Act of May 28, 1937, P. L. 1053, Art. XI, §1107, as amended, 66 PS §1437.

The Steel Corporation on November 8, 1959 wrote to Charles Balazick that it will honor its contract to transfer the system to the plaintiff, notwithstanding the expiration of the time limit, if the condemnation proceedings are declared invalid or otherwise do not become effective and plaintiff secures a certificate of public convenience from the commission. If the injunction proceedings terminate adversely to the authority and the plaintiff is again in a position to acquire the facilities, it may file a new application. Until that time, obviously no certificate can be granted and the present appeal must be dismissed.

We need not and cannot pass upon the authority's right to acquire the system by eminent domain on this appeal. Cf. *Reading & Southwestern Street Railway Co. v. Pa. P. U. C.*, 168 Pa. Superior Ct. 61, 77 A. 2d 102 (1950). The question as to whether the authority may acquire by eminent domain a public service system, which was nevertheless not a public utility as that is defined in the Public Utilities Act, because the service was being furnished free by the Steel Corporation (Act of May 28, 1937, P. L. 1053, Art. I, §2(17), as amended, 66 PS 1102(17)), but was presumably about to become a public utility because of the contract between the Steel Corporation and the plaintiff, must await the decision of the Court of Common Pleas of Greene County. All we have before us is a situation in which the applicant cannot presently render the service.

The commission might have deferred its decision on the application pending the decision in the equity suit, but its suggestion that this be done was opposed by the plaintiff. Under the existing circumstances, the commission had no alternative but to deny the application.

Order affirmed.