## Salisbury Township *v.* Sun Oil Company, Appellant.

Argued January 12, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Paul A. McGinley,* for appellants.

*James G. Kellar,* with him *Joseph and Kellar,* for appellee.

OPINION BY MR. JUSTICE EAGEN, March 13, 1962:

In 1958, appellee, the Township of Salisbury (Township) established a zoning commission (Commission) to prepare a comprehensive zoning plan for the districting of the Township. A "city planner" was employed, and in 1959 he submitted to the Commission initial drafts of a proposed zoning map and ordinance.

In conjunction with the proposed zoning plan, in 1959, the Township enacted an interim temporary ordinance (effective, as amended, until January 31, 1960), that made it a summary offense, punishable by fine, to erect any type of structure or building other than a single family detached dwelling house within the Township without first securing a permit from the township board of commissioners (Commissioners). The appellants, Sun Oil Company and James and Kathryn Reinhard, submitted an application for a building permit to the Commissioners to permit construction of a gasoline service station upon property owned by the individual defendants. After a meeting, at which appellants presented their reasons for granting their application and neighboring property owners opposed the grant, the Commissioners denied the application since the subject property was zoned "R-1 Residence" in the proposed ordinance. (The property is so classified in the final zoning ordinance passed in January, 1960.)

Instead of appealing the Commissioners' refusal of their application to the court of common pleas, appellants ignored the decision of the Commissioners and commenced with the work for which the permit had been denied. The Township filed a bill in equity seeking a preliminary injunction to restrain the appellants from continuing construction of the gasoline station. The injunction was granted, and following a hearing on exceptions, the court entered a final decree making the injunction permanent. Appellants here appeal the entry of this decree.

Appellants contend that the ordinance, requiring the permit was a "stopgap" or interim ordinance, passed as a temporary expedient until the regular zoning ordinance was enacted, and, hence, was invalid under *Kline v. Harrisburg*, 362 Pa. 438, 68 A. 2d 182 (1949). Since, however, the so-called "stopgap" ordinance is no longer in effect, having expired January 31,

1960, we need not address ourselves to the argument; the central issue raised thereby being moot. Accordingly, we are constrained to dismiss this appeal. See *Brecht v. Board of Public Education*, 330 Pa. 331,199 Atl. 152 (1938), and *Faust v. Cairns*, 242 Pa. 15, 88 Atl. 786 (1913).

Notwithstanding the mootness of the appeal, however, we cannot refrain from indicating that the proper procedure on the part of the appellants would have been to file a petition for a writ of certiorari to the Court of Common Pleas of Lehigh County appealing the refusal of the Commissioners to grant a permit under the ordinance, and, thereby, test the validity of the ordinance. We have repeatedly said the validity of zoning ordinances must be determined in accordance with prescribed statutory procedure. See, *Pittsburgh Outdoor Adv. Co. v. Clairton*, 390 Pa. 1, 133 A. 2d 542 (1957); *Baederwood Center, Inc. v. Putney*, 390 Pa. 53, 133 A. 2d 836 (1957).

Consequently, since the injunction serves no purpose, an application to the court below to dissolve it, in accordance with §1531(c) Pa. R. C. P., would be in order. See discussion, 2 Goodrich-Amram, Stan. Pa. Prac. §1531(c)-1 (1955).

As a practical matter, however, since appellants failed to appeal the validity of the ordinance initially, little advantage would accrue to them at this time if we were to reverse the final decree of the lower court and thereby remove the restraint of the permanent injunction. Similarly, dissolution of the injunction by the court below, under §1531(c) Pa. R. C. P., would accomplish little for appellants. To receive a building permit for construction of the service station at the present time, they must make application to the zoning board and comply with the provisions of the zoning ordinance enacted by the Township.

Appeal dismissed. Costs to be paid by the appellants.