Schwab, Appellant, *v.* Pottstown Borough.

Argued April 17, 1962.  Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Louis Sager,* for appellant.

*C. Edmund Wells,* with him *Ronald H. Reynier,* and *Wells, Campbell, Reynier & Yohn,* for appellee.

OPINION BY MR. JUSTICE COHEN, May 21, 1962:

This is an appeal from the refusal of the court below, sitting in equity, to grant a preliminary injunction restraining appellee borough from proceeding with the condemnation of land needed for the improvement of the Pottstown municipal airport under a federal and state air program.

Appellant's property is adjacent to the airport and lies in the path of the clear zone approach area of the runway. In order to obtain flight rights over appellant's land, the borough, under its powers of eminent domain, condemned a portion of the property. The gravamen of appellant's complaint is that instead of taking a fee simple interest, the borough condemned a

lesser estate—an air flight avigation easement—in violation of the relevant statutory provisions.[1]

We are convinced that the court below acted properly in refusing to grant the preliminary injunction. As we recently held in *Perloff Bros., Inc. v. Cardonick,* 406 Pa. 137, 176 A. 2d 413 (1962), a preliminary injunction will not issue unless: (1) the rights of the plaintiff are clear; (2) there is an urgent necessity to avoid injury which cannot be compensated for by damages; and (3) greater injury will be done by refusing it than in granting it. None of the necessary elements are present here. In essence, what appellant fears, and consequently seeks to enjoin, is that a taking of an easement instead of a fee simple interest will result in lessened compensation for his property by a jury of view. He is enlisting equity's powers to aid him in obtaining the highest possible amount of condemnation damages.

Needless to say, equity is an improper forum for the relief sought by appellant. In *Gardner v. Allegheny County,* 382 Pa. 88, 114 A. 2d 491 (1955), we made it indisputedly clear that a court sitting in equity has no jurisdiction to determine whether there has been a taking, or to assess and award damages for such appropriation. We held therein that relief is obtainable only by resorting to the procedure designated by the legislature—an eminent domain proceeding. By such a proceeding, every property owner may determine whether there has been a taking, the nature of the interest taken, and the right to and amount of compensation. To the same effect as *Gardner v. Allegheny County* are *Creasy v. Lawler,* 389 Pa. 635, 133 A. 2d 178

---

[1] The pertinent provisions are: (1) The Borough Code, Act of May 4, 1927, P. L. 519, (a) §1416, as amended, 53 P.S. §46416, (b) §2490, as amended, 53 P.S. §47490. (2) Act of April 14, 1949, P. L. 442, No. 71, §1, 26 P.S. §201. (3) Airport Zoning Act, Act of April 17, 1945, P. L. 237, §14, 2 P.S. §1563.

(1957), affirming per curiam the lower court on the opinion reported in 8 Pa. D. & C. 2d 535 (1956), and *Martin v. Creasy*, 360 U. S. 219, 3 L. Ed. 2d 1186, 79 S. Ct. 1034 (1959).

In the latter case, the United States Supreme Court reversed the district court for the western district of Pennsylvania which had restrained the Commonwealth secretary of highways from designating a section of a road as a limited access highway on the ground that abutting property owners would be deprived of their property without due process of law. In its opinion, the Supreme Court held that since there was a clear pronouncement by the Pennsylvania courts that the relevant state statute provided a complete procedure to guard and protect the plaintiff's constitutional rights at all times, it was difficult to perceive the basis of the district court's conclusion that the plaintiffs would be irreparably harmed unless state officers were enjoined from proceeding under the statute.

Such is the situation here. There are no injuries which will result to plaintiff-appellant for which he cannot be compensated by resort to orderly procedure before a board of view. In such a proceeding, appellant's right to damages will be determined fully.

It is a commonplace that where the legislature has provided a remedy or procedure, that remedy or procedure is exclusive and alone must be pursued. *Jacobs v. Fetzer*, 381 Pa. 262, 112 A. 2d 356 (1955). See also *Smith v. Zoning Board of Adjustment*, 407 Pa. 122, 179 A. 2d 192 (1962) and *Salisbury Township v. Sun Oil Co.*, 406 Pa. 604, 179 A. 2d 195 (1962). Accordingly, the lower court's refusal to restrain the condemnation of the property in question is affirmed, and appellant must seek redress solely in the form of damages from a board of view.

Decree affirmed at appellant's costs.