Balazick, Appellant, *v.* Dunkard-Bobtown Municipal Authority.

Argued March 24, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Robert L. Ceisler,* for appellants.

*W. Robert Thompson,* with him *John E. Baily,* and *Thompson and Baily,* for appellee.

OPINION BY MR. JUSTICE JONES, April 21, 1964:

This is an appeal from a decree of the Court of Common Pleas of Greene County which dismissed a complaint in equity filed by Charles J. Balazick (Bala-

zick) and the Bobtown Sewage Company (Company) against the Dunkard-Bobtown Municipal Authority (Authority).

In 1926, Jones and Laughlin Steel Corporation (Corporation) constructed a sewage system to serve approximately 300 homes in Dunkard Township, Greene County, in connection with a coal mining operation of the Corporation. The sewage system was maintained by and its use furnished by the Corporation for approximately twenty-two years to the occupants of such homes without charge. On March 10, 1958, the Corporation sold the sewage system to Balazick for $1, plus a credit of $3,000 to be applied against future charges to the Corporation for use of the sewage system and Balazick later assigned his rights to the Company. This conveyance was conditioned upon receipt by the Company of a certificate of public convenience from the Pennsylvania Public Utility Commission for operation of the system.

The Company applied to the Pennsylvania Public Utility Commission for a certificate of public convenience which application was opposed. In the meantime, the Authority was chartered and, by appropriate proceedings under the Municipality Authorities Act of May 2, 1945, P. L. 382, §1 et seq., as amended, 53 PS §301 et seq., acquired the sewage system by eminent domain. The Public Utility Commission refused the Company's application for a certificate of public convenience upon the ground that the Company did not have and was not in a position to acquire the facilities necessary to render the service. This order of the Public Utility Commission was affirmed by the Superior Court in *Bobtown Sewage Company v. Pennsylvania Public Utility Commission*, 195 Pa. Superior Ct. 330, 171 A. 2d 625.

While the matter was pending before the Public Utility Commission, the Company instituted the instant

suit in equity wherein the Company sought to enjoin the Authority "from acquiring or taking over the operation of the sewage plant", "from condemning the said sewage disposal plant" and such other relief as might be required. Preliminary objections filed by the Authority to the complaint were dismissed and the Authority filed an answer wherein, inter alia, the Authority averred that the remedy of the Company was not in equity but under the condemnation statutes.[1] A hearing was held at the conclusion of which the court below entered a decree dismissing the action. From that decree this appeal was taken.

The equity action, which is the subject matter of this appeal, challenges the right of the Authority to acquire, under the exercise of its power of eminent domain, this sewage system. After an examination of the instant record we deem it unnecessary to determine this appeal upon the merits thereof because it is obvious that the court below lacked jurisdiction to entertain this action in equity.

In *Schwab v. Pottstown Borough,* 407 Pa. 531, 180 A. 2d 921, we held that a court of equity had no jurisdiction to determine whether there had been a taking of private property for public use or to assess and award damages for such taking. The decisional point in *Schwab* was that, under the statutory law of Pennsylvania, a complete and adequate procedure has been provided to guard and protect the constitutional rights of private owners in all condemnation proceedings. See also: *Gardner v. Allegheny County,* 382 Pa. 88, 114 A. 2d 491; *Creasy v. Lawler,* 389 Pa. 635, 133 A. 2d 178, affirming per curiam 8 Pa. D. & C. 2d 535; *Martin v. Creasy,* 360 U.S. 219, 3 L. Ed. 2d 1186, 79 S. Ct. 1034.

The thrust of the Company's complaint in this equity action is that this sewage system operated by the

---

[1] Paragraph 16th of Answer.

Corporation was a *public utility*[2] whose property was not subject to be taken by the exercise of the power of eminent domain and that the Authority, under Section 4A, of the Municipality Authorities Act, supra, as amended (53 PS §306), could not exercise its power of eminent domain to "duplicate or compete with existing enterprises serving substantially the same purposes." The basic challenge in the equity action is clearly to the right, power and authority of the Authority to exercise any right of eminent domain under the circumstances and the resolution of that issue can and should be made *only* in eminent domain proceedings. As this Court said in *Schwab,* supra, p. 534: "It is a commonplace that where the legislature has provided a remedy or procedure, that remedy or procedure is exclusive and alone must be pursued. Jacobs v. Fetzer, 381 Pa. 262, 112 A. 2d 356 (1955). See also Smith v. Zoning Board of Adjustment, 407 Pa. 122, 179 A. 2d 192 (1962) and Salisbury Township v. Sun Oil Co., 406 Pa. 604, 179 A. 2d 195 (1962)."

Although raised but not decided in the court below, the question of jurisdiction to entertain this equity action is properly before us. Jurisdiction can be raised at any time, even at the appellate level and by the appellate court itself: *Johnstone v. Fritz,* 159 Pa. 378, 379, 28 A. 148; *Thomas v. Johnson,* 356 Pa. 570, 52 A. 2d 663; *Trout v. Lukey,* 402 Pa. 123, 126, 166 A. 2d 654.

For lack of jurisdiction in equity, the instant complaint must be dismissed.

Decree affirmed. Costs on Company.

---

[2] In *Bobtown Sewage Co. v. Penna. Public Utility Commission,* supra, p. 333, the Court considered the Corporation "nevertheless not a public utility".