Rivinus *v.* Philadelphia School District, Appellant.

Argued May 3, 1966. Before BELL, C.J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*David Berger*, with him *Harold Greenberg, Edward B. Soken, Joseph W. Marshall*, and *Cohen, Shapiro, Berger & Cohen*, for appellants.

*Gordon W. Gerber*, with him *Anthony L. Bartolini*, and *Dechert, Price & Rhoads*, for appellees.

OPINION BY MR. JUSTICE COHEN, November 15, 1966:

This is an appeal by the School District of Philadelphia and the School Revenue Commissioner from a decree of Philadelphia Court of Common Pleas No. 7 restraining appellants from levying, assessing or collecting from appellees any tax under the Act of August 8, 1963, P. L. 591, 24 P.S. §6-655.1 (Supp. 1965) (Act). That Act provided that a tax on owners of ground rents should be levied by school districts of the first class for the years 1963, 1964 and 1965 at a rate of one percent of the total assessment of the principal value of the ground rent, without regard to any statutory provision or to any provision appearing in the ground rent deed with respect to the payment of taxes and that the tax should be collected in the

same manner with like authority and subject to the same penalties as are other real estate taxes for school purposes in school districts of the first class.

Pursuant to this statutory authority, the Board of Public Education of Philadelphia on August 20, 1963 duly adopted a resolution levying the tax on all ground rents located within the school district. Thereafter, the School Revenue Commissioner promulgated regulations requiring owners of ground rents to file a self-assessing tax return, to calculate the "full principal value" of each ground rent, and to pay the tax thus calculated to be due. These regulations defined "full principal value" as "the principal amount of the ground rent remaining unpaid as of the taxable date."

Appellees contend that (1) the Act violates the uniformity clause of the Pennsylvania Constitution (Article 9, §1), by subjecting ground rents to a special tax while they continue to be subject to real property taxation generally, (2) the Act violates the uniformity clause and the equal protection clause of the 14th Amendment to the United States Constitution by taxing this one kind of real estate at more than 100% of its actual value while other interests in real estate are taxed at less than 100% of actual value, (3) the Act is unconstitutionally vague in that the basis of the tax is apparently something other than its actual value and in that the persons who must assume the burden of the tax are uncertain, and (4) the self-assessing tax system established by the Revenue Commissioner is contrary to the provisions of the Act and denies taxpayers any right of appeal in violation of the due process and equal protection clauses of the Federal and State Constitutions. In view of our conclusions with regard to the last of these contentions, we find it unnecessary to discuss the others.

The Act clearly states that the tax levied thereunder "shall be collected in the same manner with

like authority and subject to the same penalties as other real estate taxes for school purposes in school districts of the first class are collected." Nothing in this provision permits a deviation from the established procedures governing real estate tax collections so as to validate the self-assessing system established by the Revenue Commissioner.

Under §657 of the Public School Code of 1949, 24 P.S. §6-657, "any school taxes" which are levied by the Board of Public Education must be certified to the Board of Revision of Taxes and then certified by the Board to the collection agency (the Department of Collections). This was not done, nor was any taxpayer given an opportunity to pursue his usual right of appeal as provided by the Act of June 27, 1939, P.L. 1199, 72 P.S. §§5341.1-5341.21. This right cannot be denied a taxpayer, nor do we perceive that the Act calls for such a denial. The Commissioner has simply ignored the Act in attempting to collect this tax. This, despite potential problems in following the customary procedures, he cannot do.

Decree affirmed at appellants' cost.

Mr. Chief Justice BELL and Mr. Justice EAGEN concur in the result.

---

CONCURRING OPINION BY MR. JUSTICE JONES:

While I agree with the majority of this Court that the regulations promulgated by the Philadelphia Board of Public Education for the collection of this tax on ground rents are not valid, I believe that the real issue on this appeal has not been but should be determined. That issue is the constitutional validity of the enabling statute which empowers the School District of Philadelphia to levy a tax on the owners of ground rents. Solely upon a resolution of that issue and its determination that the enabling statute was invalid did the court below enjoin the School

District from levying, assessing or collecting the tax. As Mr. Justice ROBERTS points out in his dissenting opinion: "The majority's opinion fails to make clear whether or not its decision precludes the Board of Public Education from proceeding to collect the tax under a proper set of regulations, assuming such could be devised".

In my opinion, the majority of this Court avoids the crucial issue; such regrettable avoidance can only lead to more litigation in this matter to the prejudice of all parties to this appeal. The issue having been squarely raised, it should be squarely met. In my view, the court below correctly decided that this statute was constitutionally infirm and properly enjoined the School District from levying, assessing and collecting this tax.

Mr. Justice O'BRIEN joins in this concurring opinion.

---

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I believe that the majority's opinion suffers from three major infirmities. To begin with, the majority overlooks the fact that jurisdiction below was not properly invoked. Secondly, the majority incorrectly resolves the merits of the question it considers. Thirdly, the majority disposes of the case in such a way as to leave the litigants uncertain as to their rights. I will deal with each of these problems in order.

In their complaint in the court below plaintiff-taxpayers invoked the jurisdiction of the equity court on the ground that no remedy at law was available to them. Although the jurisdiction of equity was neither challenged by the defendant School District, nor questioned by the lower court, this Court may and should raise such a question *sua sponte* now that an appeal from the decree entered below is before us. See *Balazick v. Dunkard-Bobtown Munic. Author-*

320

*ity*, 414 Pa. 182, 185, 199 A. 2d 430, 432 (1964) and cases there cited.

The relief sought by the taxpayers was a declaration by the court that the School District of Philadelphia might not validly levy, assess or collect any tax under the Act of August 8, 1963, P. L. 591, 24 P.S. §6-655.1 (Supp. 1965) or the regulations promulgated under the act. To obtain this relief taxpayers could have paid the tax under protest and then sought a refund by the School District. Had the refund been denied, then despite the fact that the Act of August 8, 1963 as effectuated under the Board of Public Education's regulations might have precluded resort to the administrative and judicial remedies available to real estate taxpayers in first class counties under the Act of June 27, 1939, P.L. 1199, §§14, 14.1, 15, as added by the Act of July 19, 1951, P.L. 1083, §1, 72 P.S. §§5341.14, 5341.14a, 5341.15, it nonetheless appears that taxpayers would have been entitled to challenge the validity of the taxing statute and the regulations thereunder by bringing an action of assumpsit for a refund of the tax paid under the Act of May 21, 1943, P.L. 349, §§1, 2, as amended, Act of April 4, 1956, P. L. (1955) 1388, §1; Act of June 21, 1957, P. L. 381, §2, 72 P.S. §§5566b, 5566c: *"Whenever any person or corporation of this Commonwealth has paid or caused to be paid, or hereafter pays or causes to be paid, into the treasury of any political subdivision,* directly or indirectly, voluntarily or *under protest, any taxes of any sort,* license fees, penalties, fines or any other moneys *to which the political subdivision is not legally entitled; then, in such cases, the proper authorities of the political subdivision,* upon filing with them of a written and verified claim for the refund of the payment, *are hereby directed to make* out of budget appropriations of public funds, *refund of such taxes,* license fees, penalties, fines or other

moneys to which the political subdivision is not legally entitled. Refunds of said moneys shall not be made, unless a written claim therefor is filed, with the political subdivision involved, within two years of payment thereof.

"The right to a refund afforded by this act may not be resorted to in any case in which the taxpayer involved had or has available under any other statute, ordinance or resolution, a specific remedy by way of review, appeal, refund or otherwise, for recovery of moneys paid as aforesaid, unless the claim for refund is for the recovery of moneys paid under a provision of a statute, ordinance or resolution subsequently held, by final judgment of a court of competent jurisdiction, to be unconstitutional, or under an interpretation of such provision subsequently held by such court, to be erroneous.

"*In the event of refusal or failure on the part of authorities of the political subdivision involved to make any such refund of taxes,* license fees, penalties, fines or other moneys *to which the political subdivision is not legally entitled, then the aggrieved person or corporation shall have the right to bring suit for and recover any such taxes,* license fees, penalties, fines or other moneys to which the political subdivision is not legally entitled, subject to the limitation herein provided, *by instituting an action in assumpsit in the court of common pleas of the county wherein such political subdivision is located.*" (Emphasis added.)

Even assuming the court below had jurisdiction in equity to entertain this suit, I believe that the majority incorrectly resolves the question its opinion considers. By the Act of August 8, 1963, P. L. 591, 24 P.S.§6-655.1 (Supp. 1965) the Legislature required the Philadelphia Board of Public Education to levy a tax on the owners of ground rents which should be in addition to the tax imposed on the real estate from which the ground

rents arose. The Board of Public Education promulgated regulations which provided for self-assessment and payment of the tax. Plaintiff-taxpayers sought in the court below to have the Board enjoined from collecting the tax on the ground, *inter alia,* that the Board violated that part of the Act of August 8, 1963 which provides that the "tax shall be collected in the same manner with like authority and subject to the same penalties as other real estate taxes for school purposes in school districts of the first class are collected." While it is true that other realty taxes are not collected by means of self-assessment, that statute does not require *assessment* in the same manner, only collection in the same manner. More importantly, as to this and any of the other alleged disparities between the procedures laid down in the Board's regulations and in the real estate taxing statutes, taxpayers have, to my mind, failed even to suggest a satisfactory answer to the Board's argument that self-assessment and the collection procedures which necessarily attend it were the only practicable method of making sure the tax on ground rents was paid to the Board or to show how the different procedures for collection of the ground rent tax in any way prejudiced them. Indeed, since self-assessment is the method of assessment most favorable to the taxpayer and since the procedures and remedies provided for nonself-assessing real estate taxes are inapposite to the collection of self-assessing taxes, I fail to understand what substantial complaint taxpayers have. Nor have taxpayers addressed themselves to §2 of the Act of August 8, 1963, P. L. 591, 24 P.S. §6-655.1 which provides: "Any act or parts of acts inconsistent with the provisions of this act are hereby repealed only in so far as they relate to or would affect matters covered by this act." If the ground rents tax could only be imposed practicably by means of a self-assessment procedure, does not §2 suggest that ref-

erences to the manner of collection in prior acts would not control?

By holding invalid the regulations promulgated by the Board, the majority in effect requires the Board to comply with a set of procedural technicalities in the collection and assessment of the tax which would benefit the taxpayer in no way shown. To me the statute does not clearly require compliance with these procedures, but the statute does clearly require imposition of the tax. Thus the effect of the majority's determination is to frustrate the legislative purpose.

Even assuming the correctness of the majority's holding that the regulations here in question are invalid, I disagree with the affirmance by the majority of the decree entered below. That decree enjoined the Board of Public Education from levying, collecting or assessing *any tax* under the Act of August 8, 1963, P. L. 591, 24 P.S. §6-655.1 (Supp. 1965). A reading of the lower court's opinion makes clear that its injunction was based solely on the ground that the act imposing the tax was constitutionally invalid because of its scheme of classification. The majority's opinion fails to make clear whether or not its decision precludes the Board of Public Education from proceeding to collect the tax under a proper set of regulations, assuming such could be devised. If the effect of our decision is to hold the Act of August 8, 1963 unconstitutional, then we must say so in no uncertain terms. If, on the other hand, this court holds only that the Board's regulations are invalid, we should modify the decree of the court below accordingly.