Sixth Liberty, Inc. Tax Assessment Case.

Four Picher Development Corp. Tax Assessment Case.

590

Argued November 28, 1966. Before Bell, C. J., Musmanno, Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

re-argument refused October 25, 1967.

*T. Robert Brennan,* with him *Harvey E. Robins,* and *Brennan & Brennan,* for taxpayers.

*James Victor Voss,* Assistant County Solicitor, *Francis A. Barry,* First Assistant County Solicitor, and *Maurice Louik,* County Solicitor, for Board.

OPINION BY MR. JUSTICE COHEN, September 26, 1967:

This appeal involves the assessment for the years 1961 and 1962 of property owned by Sixth Liberty, Inc., and Four Picher Development Corp. (owners) and located in the City of Pittsburgh. The years 1961 and 1962 fell between the triennial years 1960 and 1963, and one of the issues involved here is whether or not the property owners had any right between triennial years to contest the assessment which had been placed upon their property for the triennium beginning in 1960.

There actually are seven parcels involved here. The assessments placed upon these parcels by the County of Allegheny for the triennial period beginning in 1960 were as follows:

| Parcel No. | Assessment |
|:----------:|:----------:|
| 1 | $413,890 |
| 2 | 828,580 |
| 3 | 149,956 |
| 4 | 149,956 |
| 5 | 370,735 |
| 6 | 898,880 |
| 7 | 402,245 |

At the time the assessments were made (prior to January 1, 1960), the present owners were not the owners of the property. During the month of January, 1960, all of the parcels were conveyed to the present owners. Prior to March 31, 1960, the lessee of

the property (under a lease for a term expiring on January 31, 1976), being faced with substantial financial problems, vacated the property by agreement. The property thereafter remained vacant since the premises (a fourteen story building which had been used as a department store) could not be adapted to multiple tenancies.

On November 15, 1960, the owners filed an appeal with the Board of Property Assessment, Appeals and Review of Allegheny County (Board) asserting that the above stated change in conditions justified reductions in the stated assessments. The Board refused to accept the appeals, stating that the appeal period had expired. The owners then filed a complaint in mandamus with the Court of Common Pleas of Allegheny County requesting an order directing the Board to hear the appeals. The Board filed preliminary objections which were dismissed; upon failure of the Board to file an answer, the Court on April 12, 1961, ordered issuance of a writ of mandamus directing the Board to hear the owners' appeals.

The Board did so and on October 8, 1962, notified the owners that no changes were made in any of the assessments. On October 19, 1962, the owners appealed to the court below. After taking testimony that court entered orders on September 11, 1964, reassessing the parcels as follows:

| Parcel No. | Docket Number Below | New Assessment |
|---|---|---|
| 1 | 862 Jan. 1963 | $334,836.48 |
| 2 | 863 Jan. 1963 | 655,009.00 |
| 3 | 864 Jan. 1963 | 120,014.56 |
| 4 | 865 Jan. 1963 | 120,014.56 |
| 5 | 866 Jan. 1963 | 296,701.64 |
| 6 | 867 Jan. 1963 | 719,458.92 |
| 7 | 868 Jan. 1963 | 314,284.84 |

Both the Board and the owners then appealed to this Court. Following remands to the lower court upon petition of the Board, that court reaffirmed its earlier orders on August 16, 1966. The present appeals were then filed by both parties.

First, the Board has appealed from the order of the lower court directing it to hear these appeals for years between triennial years. The Act of June 21, 1939, P. L. 626, as amended, 72 P.S. §§5452.1 to 5452.20, governs assessments in counties of the second class. Section 13 of that act states that assessors shall revise assessments and valuations between triennial assessments for a variety of reasons covering virtually any situation where the value of the property has changed. This section concludes by stating: "All assessments required to be made by the proper assessors in the year between the triennial assessment shall be returned to the board not later than the first Monday of September of the year preceding the one for which it is made." Section 14 of the act follows immediately: "At any time before such date, any taxable person may apply to the board for the reassessment of any subject of taxation which he considers incorrectly assessed or as to which he considers himself entitled to a change in valuation or to have mechanical or transcribing errors corrected."

Prior to an amendment of September 16, 1961, P. L. 1353, to §13, the act contained no specific provision permitting an appeal by an owner from an intertriennial reassessment. However, as we read these sections, it seems clear to us that (1) the assessor is required to reassess between triennial years where the value of the property has been changed and (2) a property owner may request a reassessment any time before the first Monday of September of an intertriennial year. Therefore, in this case the owners should have made such a request prior to September 5, 1960. They did not. In-

stead, they filed an appeal with the Board on November 15, 1960, seeking a revision.[1]

In truth, neither party did what was required. The assessor did not reassess. The owners did not request a reassessment (and, clearly, had they done so, a refusal by the assessor to take any action would have been subject to a mandamus order). Therefore, the subsequent complaint in mandamus against the Board was based upon a view of the Board's duties which was in error. Yet the Board's preliminary objections failed to point this out; the Board filed no answer; the lower court issued an order without considering the above procedures; and the Board filed no appeal.

We believe the last point is conclusive. Since no appeal was filed by the Board within the statutory time limits, it may not now question the lower court's erroneous order.[2] Therefore, we must quash the Board's appeal on this point of our own motion. See *Dipple v. Pittsburgh*, 373 Pa. 307, 95 A. 2d 925 (1953).

We now turn to the appeal itself.[3] What we have said in the appeals of W. T. Grant Company and F. W. Woolworth Company decided this day applies here as well. Unrebutted, credible expert testimony of value of the owners' witness cannot be rejected by the lower court, nor can the common level ratio established for the whole county be disregarded by it. Since the Board produced no testimony on these matters, the court below must reassess the properties accordingly. Here, the following assessed values apply:

---

[1] November 15 is the last date set by §11 of the act for filing appeals from assessments with the Board.

[2] There is no jurisdictional issue, for the lower court did have the power to determine whether or not a mandamus action would lie against the Board.

[3] Since the Board heard the matter pursuant to the mandamus order and issued its order on October 8, 1962, well after the statute was amended to provide for an appeal, the owners were entitled to seek review. See *Kugler's Appeal*, 55 Pa. 123 (1867).

| Parcel No. | Total Value | Land | Building |
|---|---|---|---|
| 1 | $98,217.36 | 93,150.00 | 5,067.36 |
| 2 | 142,985.25 | 124,200.00 | 18,785.25 |
| 3 | 31,377.06 | 28,793.70 | 2,583.36 |
| 4 | 31,377.06 | 28,793.70 | 2,583.36 |
| 5 | 77,556.69 | 71,166.60 | 6,390.09 |
| 6 | 188,328.60 | 172,886.40 | 15,442.20 |
| 7 | 59,202.00 | 48,024.00 | 11,178.00 |

The order of the court below is vacated, and the case is remanded to the court below with instructions to enter an order directing the Board to correct the assessments of the subject property in accordance with this opinion.

Mr. Chief Justice BELL concurs in the result.

Mr. Justice EAGEN dissents.

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

Although I agree with the majority that the board's failure to take a timely appeal from the lower court's issuance of mandamus precludes our reviewing the propriety of that mandamus now, nevertheless I cannot subscribe to any reading of §§13 and 14 of the second class county assessment law* that would place an affirmative duty upon the assessor to reassess property even though the taxpayer has failed to seek such reassessment within the time set out in §13.

There is dictum in the majority opinion that had the board timely filed an appeal from the mandamus, the taxpayer would still have prevailed on the following theory: Even though the taxpayer did not request a reassessment before the first Monday in September

* Act of August 14, 1963, P. L. 911, §2, 72 P.S. §5452.13 (Supp. 1966) ; Act of June 21, 1939, P. L. 626, §14, 72 P.S. §5452.14 (1950).

(he waited until November 13), he is *still* entitled to have his property reassessed because §13 of the act dictates that the board "shall . . . revise assessments and valuations between the triennial assessments by increasing or decreasing the same where the value of the property or subjects of taxation assessed or valued has changed . . . ." When the majority recites that "neither party did what was required," it assumes that football's rule of "offsetting penalties" applies to statutory construction. This is simply not so.

Although it is true that the assessor perhaps should have reassessed the taxpayer's property, the statute sets out its *own* remedy to correct the board's error. This remedy, an application *by* the taxpayer for reassessment, must be exercised in compliance with the statutory timetable. Surely, the taxpayer's failure to avail himself of this remedy because of his own tardiness cannot be circumvented by pleading the very misconduct of the assessor which *causes* the remedy to be available in the first place. This is circular reasoning of the worst sort.

The relief provided by §14 is the taxpayer's *sole* relief. Having failed to pursue it, he cannot complain of subsequent injustice by the board. Moreover, such a principle is far from new to the law. It requires no citation of authority for the proposition that a condemnor cannot take land unconstitutionally. Nevertheless, we have consistently held that our statutory condemnation proceedings afford to the landowner his sole remedy against such taking. *Faranda Appeal*, 420 Pa. 295, 216 A. 2d 769 (1966); *Balazick v. Dunkard-Bobtown Munic. Auth.*, 414 Pa. 182, 199 A. 2d 430 (1964); *Schwab v. Pottstown Borough*, 407 Pa. 531, 180 A. 2d 921 (1962). So also, §14 of the second class county assessment law provides the taxpayer his only remedy here.