## Zukow License

*John J. Reefe*, for appellant.

*R. Barry McAnderson*, for Commonwealth.

BECKERT, J., March 26, 1969.—After a hearing de novo on the matter of the appeal of Paul J. Zukow, Jr., from an order of the Secretary of Revenue suspending appellant's operator's license for a period of two months, we make the following:

## FINDINGS OF FACT

1. Appellant, Paul John Zukow, Jr., resides in Perkasie, Bucks County, Pa.

2. On August 28, 1966, at about 3:30 a.m., appellant was operating his motor vehicle in an easterly direction on Walnut Street, Perkasie, Bucks County, Pa.

3. On that occasion appellant was arrested under the Vehicle Code of April 29, 1959, P. L. 58, sec. 1002, as amended, 75 PS §1002(b) (4), for exceeding the lawful speed limit by fifteen miles per hour.

4. On September 21, 1966, appellant was convicted of the aforesaid offense and received a fine of $10 plus costs. Six points were entered against his record in the files of the Secretary of Revenue of the Commonwealth of Pennsylvania.

5. Appellant entered the United States Marine Corps on September 28, 1966. Appellant was stationed originally at Parris Island, South Carolina, where he remained for about eight weeks. He was then transferred to Camp LeJeune, North Carolina, where he remained until his discharge from the Marine Corps on May 8, 1967.

6. During appellant's absence from his home the Bureau of Traffic Safety, Commonwealth of Pennsylvania, directed a letter to him, which was received and opened by his mother. The aforementioned letter notified him to attend the driver improvement school under the provisions of The Vehicle Code as added, January 24, 1966, P. L. (1965) 1497, §2, 75 PS §619.1(f).

7. Appellant's mother informed him of this notice and she replied by mail to the Department of Traffic Safety, advising the department of her son's absence from Pennsylvania, his military status, and his inability to attend the driver improvement school.

8. In reply to appellant's mother's first letter, a second letter was received from the Department of Traffic Safety, acknowledging her letter and requesting

that she send a notarized letter reiterating the facts as set forth in her first letter. Appellant's mother complied with the department's request.

9. Although there was no further correspondence with the Department of Traffic Safety, appellant received an additional five points on his record for failure to attend the driver improvement school under the provisions of the Vehicle Code, as added, January 24, 1966, P. L. (1965) 1497 §2, 75 PS §619.1 (f) and his license was suspended for 60 days by the Secretary of Revenue, under the provisions of The Vehicle Code, as added, January 24, 1966, P. L. (1965) 1497 sec. 2, 75 PS §619.1 (i) (k).

10. Appellant received notice of the suspension in April of 1967, advising him that his license was suspended for the period of May 1, to July 1, 1967.

11. Appellant's license was surrendered to the Secretary of Revenue and after the period of suspension had expired the license was reinstated and returned to him.

12. On January 30, 1968, appellant filed a petition for appeal from order of the Secretary of Revenue suspending operator's license nunc pro tunc. An order permitting a hearing de novo was signed by the court on January 31, 1968, the appeal to act as a supersedeas.

## DISCUSSION

At the hearing de novo the undersigned raised the question of this court's jurisdiction to hear such an appeal since it was filed more than 30 days after appellant received notice of suspension: The Vehicle Code of April 29, 1959, P. L. 58, as added, sec. 620, 75 PS §620. Apppellant argues that any questions relating to the court's jurisdiction were resolved when the court signed the order setting a date for the hearing de novo. We cannot accept this position. It is basic that the court's jurisdiction to hear matters before it can be raised at any point in the proceeding: Balazick v. Dunkard-

Bobtown Municipal Authority, 414 Pa. 182, 185 (1964). Furthermore, if the question is not otherwise presented, the court has a duty to raise the question of its jurisdiction to hear a particular cause: Pennsylvania Railroad Company v. Pennsylvania Public Utility Commission, 396 Pa. 34, 38 (1959).

There is authority for allowing appeals nunc pro tunc, but the test established in the cases where such appeals have been permitted has not been met in this case. Nixon v. Nixon, 329 Pa. 256 (1938), establishes that appeals may be taken nunc pro tunc when a satisfactory explanation for the delay is given. What constitutes such an explanation is set forth in Nixon, supra, at page 260:

". . . However, the occasion must be extraordinary and must involve fraud or some breakdown in the court's operation through a default of its officers, whereby the party has been injured. There can be no extension of time as a matter of indulgence: . . ."

This standard was followed in our Davis Automobile License Case, 13 Bucks 310 (1964) and authorities cited therein. Although the appeal in the Davis case was not filed as an appeal nunc pro tunc, a motion to consider it such was made at the conclusion of the hearing. Appellant, in that case, did not set forth an explanation for his delay in his petition, nor did he produce evidence to justify the delay. The appeal was denied.

When we apply the standard set forth in the Nixon case, supra, to the allegations in appellant's petition and the facts established at the hearing, we can only conclude that appellant does not measure up to the requirements. There is neither allegation nor proof of fraud or breakdown in the court's operation through a default of its officers. The only explanation for delay is that, at the time appellant's license was suspended, he was in the service, had no need for his license and therefore did not appeal. When appellant's circumstances

changed in May of 1967 he did not attempt an appeal, but, in fact, surrendered his license and waited until seven months after his license was returned to him to initiate these proceedings.

We, therefore, conclude that the appeal nunc pro tunc should be disallowed and accordingly enter the following

ORDER

And now, March 26, 1969, the within appeal of Paul J. Zukow, Jr., from the order of the Secretary of Revenue of the Commonwealth of Pennsylvania, suspending his operating privileges is denied and the order of the Secretary of Revenue is hereby reinstated.