Lutz et ux., Appellants, *v.* Allegheny County et al.

Argued October 9, 1930.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Henry A. Jones,* for appellants.—Right to injunctive relief is not dependent on sufficiency of remedy for damages or irreparable injury but solely on whether there is an existing well-founded question as to defendants' right to intrude.

The ultimate question involved, as to defendant county's assumed right in this case, is substantial: Lazarus v. Morris, 212 Pa. 128.

The adjudication of the necessity is the condemnation: Darlington v. U. S., 82 Pa. 382; Solar Electric Co.'s App., 290 Pa. 156; Robinson v. R. R., 161 Pa. 561; Haldeman v. R. R., 50 Pa. 425; Hays v. Risher, 32 Pa. 169.

The actual lack of a condemnation in this case is much like conditions existing in the case of N. Ward Co. v. Street Comrs., 217 Mass. 381.

The judgment of the court below in the assessment proceeding in this case is not res judicata of the fact of condemnation: Crescent Twp. v. R. R., 210 Pa. 334; McManus's App., 5 Pa. Superior Ct. 65; Pitts., etc., R. R. v. Gamble, 204 Pa. 198.

Defendants should have been restrained from proceedings for possession without the bond required by the statute: Getz v. R. R., 1 Walker 427; Slocum's App., 12 W. N. C. 84.

Defendants should have been restrained from taking possession not only until appellants' damages are assessed in a lawful proceeding but also until paid.

*Mortimer B. Lesher,* County Solicitor, with him *B. B. McGinnis,* Assistant County Solicitor, for appellees. —The merits involved in the case below will not be considered in appeals of this kind; it is the practice of the appellate court to consider only whether there were any apparently reasonable grounds for the action of the court below: Sunbury Boro. v. R. R., 241 Pa. 357.

An injunction will be denied where a tender of the award has been made and refused or the condemning party has secured the payment by bond or by depositing the amount in court: Degen v. Water Co., 3 Lack. Jur. 233; Drum v. Dinkelacker, 262 Pa. 392.

A preliminary injunction will not be granted where the question involved is novel, or where the inclination to procrastinate is strong: Fritz v. Ry., 155 Pa. 472; Smith v. Ry., 156 Pa. 5; New Idea Pattern Co. v. Whitner, 215 Pa. 193; Willock v. Arensberg, 51 Pa. Superior Ct. 73; Richard's App., 57 Pa. 105.

OPINION BY MR. JUSTICE KEPHART, November 24, 1930:

Appellants had an estate in entireties in and were in possession of a tract of land in Allegheny County, having thereon a house—plaintiff's home—, a barn, and other improvements. The County of Allegheny was authorized by appropriate legislation to construct an aviation landing field, and, by resolution of the county commissioners, adopted January 8, 1929, it appropriated appellant's property. Pursuant thereto, the commissioners, having failed to agree with the owners on the amount to be paid for the land, asked the court below to appoint viewers. Objections were filed before this board averring that the necessary precedent authority under the right of eminent domain did not exist. The board of view rejected this contention, later filing their award in the court below. Exceptions were filed to the award by appellants, and an appeal was also taken to the amount found due appellants. The court below, on hearing the exceptions to the report, held that the proceedings of the commissioners to acquire the land were regular and the viewers had jurisdiction of the premises. The case proceeded to trial on the appeal; a verdict for appellants was set aside on the application of both parties and a new trial granted. The case is still pending in the court below.

Appellants then brought this bill for an injunction to restrain the commissioners from taking their land and destroying their buildings, including their home. A preliminary injunction was refused and appellants took this appeal.

Passing over the question of the right of appellants to maintain this appeal, inasmuch as they were given the right to have the same questions decided by appealing from the order of the court below on the exceptions filed to the viewer's award under the County Code of 1929, P. L. 1278, providing in section 533 that, "Upon the report of viewers......being filed......any party interested may, within thirty days thereafter, file exceptions to the same, and the court shall have power to confirm the report, or to modify......the same...... Within thirty days after the confirmation......any interested party may appeal from that decree to the Superior, or to the Supreme Court, as the case may be," we proceed to the main question.

Appellants are in error in their contention that the law relating to the appropriation of land by the commissioners for air landing fields required two successive grand juries to approve the purpose or the resolution of the county commissioners. The act authorizing the appropriation is the Act of 1923, P. L. 295, section 1 and section 2, as it related to the Act of April 21, 1921, P. L. 271. These sections provide: Section 1: "That any county of the second class......is hereby authorized......to acquire by......condemnation proceedings any land, within the limits of the county, for the purpose of establishing and maintaining thereon airdromes or aviation landing fields, whenever the commissioners of the county, by resolution......, deem it advisable so to do." Section 2: "Proceedings for the condemnation of lands......and for the assessment of damages......shall be conducted in the same manner as now provided by law for the condemnation of lands......for county purposes......" The Act of

1921, P. L. 271, further provides for the appointment of viewers, their proceedings, report, and all the other details incident to condemnation. The court below correctly stated that this was the portion of the act the legislature referred to when it directed the "proceedings" should be in the same manner provided by the Act of 1921. All the requirements of that section have been scrupulously complied with.

The Act of 1923 did not intend that the Act of 1921 should be written into it as to the power and authority to appropriate and take. The power was given by section 1 of the Act of 1923, but it did not require the consent of two successive grand juries in approval of the project. The power is lodged exclusively in the county commissioners and an exercise by them of a formal resolution made it effective.

Appellants further claimed that nowhere in the resolution does the word "necessary" appear, and it is claimed that the foundation of the right of eminent domain is "necessity": Darlington et ux. v. U. S., 82 Pa. 382; Solar Electric Co.'s App., 290 Pa. 156. The proper exercise of the right by a municipality invested with that power must be based on necessity, but, necessity is largely a question within the sound discretion of the authorities. It is true the resolution reads, the "county commissioners......deem it advisable to acquire" the land in question. The resolution follows the exact language of the act of assembly and the word "advisable" must be taken to mean "necessary." The legislature is presumed to have known what the requirements were for the proper exercise of the right of eminent domain, and the purpose of the Act of 1923 was of a public nature. The act indicates that no land should be taken except for airdromes or landing fields, and, when taken for those purposes, it is necessary, and there is not the slightest indication that this land was not necessary. The court below, in sustaining the resolution, while not directly finding necessity, did so by

inference when it found that the purpose in taking it was for a landing field, etc. Eminent domain proceedings for a proper purpose are not to be impaled on the use of a word when, as a fact, the exigencies exist for a proper exercise of that power.

Appellants' further complaint is that they are about to be put out of possession without having received the compensation the law provides. This would be serious if the statute authorizing the proceedings did not in some way take care of compensation. The Act of 1923 makes such provision. While the Code of 1929 was passed in May after the act of appropriation, in this respect it is procedural and there is no right wrested from appellants in completing the procedure inaugurated under the Act of 1923 by the Act of 1929. Section 516 of the latter act provides that, whenever the county has appropriated lands and it is unable to deal with the owners, it should tender a bond to them in a sum sufficient to secure the damages, and upon the acceptance of that bond, the county shall have the right to immediate possession. In case the owners refuse to accept the bond, the commissioners must, after written notice is given to the owners, file the bond in the court of common pleas, and upon approval by that court the county shall have the right of immediate possession of the land. Section 517 provides that, if the owners refuse to give up possession, the county may serve written notice on them to move from the property within sixty days from the date of the notice, and, if they still refuse to quit possession, then a writ of habere facias possessionem shall issue.

The difficulty we find with appellee's proceeding is that it tendered a bond to and filed it against the property in the name of only one of the parties. This was a mistake. A proper bond should be filed for both appellants, and a proper notice given to both of the intention of the county to take possession of the property at the end of sixty days as the county code requires,

if this has not already been done. Whenever this is done, appellee will then be in a position to enforce its right to possession. The bond would take the place of damages or compensation. The constitution reads: "without just compensation being first made or secured"; the bond does the latter. It is not necessary that money be actually paid or the amount be ascertained before entry: Mayor etc. of Pittsburgh v. Scott, 1 Pa. 309; Com. ex rel v. Pittsburgh, etc. R. R. Co., 58 Pa. 26. There must be means provided whereby the compensation may be found and satisfactory assurance given that it be paid.

These questions, as to the sufficiency of the bond and the notice to the parties, were raised at the argument. We do not propose to impale appellee's right in this respect, the matter coming up as it does. We are fully confident that before any steps are taken by the county these defects will be remedied; if not, the injunction proceeding may be resorted to. Otherwise the proceedings were regular and proper authority appeared to condemn and the resolution of condemnation was comprehensive enough to satisfy the requirements of the Constitution.

The decree of the court below is affirmed at the cost of appellants.