## Goldfine, Appellant, *v.* Zatz.

28

Argued May 26, 1966. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*J. J. Kilimnik,* with him *Alexander Osinoff,* for appellant.

*Herman Blumenthal,* with him *Harry Friedman,* for appellee.

*Joseph Skale,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, June 24, 1966:

Joseph Goldfine brought an action of replevin against Sara Zatz for certain U. S. Treasury Bonds which he had given into her possession. All of the bonds, with the exception of one, were payable to "Joseph D. Goldfine or Esther Goldfine". At the time these bonds were issued and placed in Sara Zatz's possession, Joseph D. Goldfine and Esther Goldfine were husband and wife. One of the bonds was issued in the

name of Joseph D. Goldfine or his son, Alan Goldfine.

Upon the commencement of the action of replevin, a demand was made on Sara Zatz by Esther Goldfine for one-half of the bonds, and a further claim was made by Alan Goldfine for one of the bonds. Sara Zatz filed a petition for interpleader, alleging these adverse claims, and the rule for interpleader, by agreement of the parties, was made absolute. In accordance with the rule for interpleader, Sara Zatz eventually turned the bonds over to the court, where they now reside. Some years later, after the divorce of Joseph and Esther Goldfine, Joseph Goldfine moved the court below for a judgment in the replevin action on the grounds that Sara Zatz had failed to file an answer to his replevin complaint. He further moved for a judgment of non pros. against Esther Goldfine, who had filed a statement of claim in the interpleader action, on the grounds that she had failed to file a bond as required by the Rules of Civil Procedure. In addition, he moved for a judgment of non pros. against Alan Goldfine for failure to file a statement of claim in the interpleader action. All of the motions were denied by the late Judge Alessandroni, and Joseph Goldfine has appealed from these rulings.

Sara Zatz, having interpleaded the various contending parties and having turned the contended-for bonds over to the court, is clearly no longer amenable to judgment in the replevin action. Pa. R. C. P. 2301 et seq. The whole question involved in the replevin action as it relates to Sara Zatz is now moot, and the appeal from the order refusing judgment in the replevin action will be dismissed.

As to the failure of Esther Goldfine to file a bond in the interpleader action, we perceive no requirement for such bond in the rules. Appellant has confused the bond requirements of the Sheriff's interpleader rules with rules governing the interpleader in the case at

bar. Moreover, the orders of the court below refusing the motions for judgment of non pros. against Esther and Alan Goldfine are clearly interlocutory, and since not made appealable by statute, the appeals from these orders must also be dismissed. The claims of the various claimants should be adjudicated in the court below in accordance with the procedure provided in the interpleader rules.

Appeals dismissed.