Ramad Realty Corp., Appellant, *v.* Springetts-bury Township Sewer Authority, Appellee.

Argued May 8, 1973, before President Judge Bow-
man and Judges Crumlish, Jr., Kramer, Wilkinson,
Jr., Mencer, Rogers and Blatt.

*Donald L. Reihart*, with him *Laucks & Monroe*, for
appellant.

*Gerald E. Ruth*, for appellee.

Opinion by Judge Crumlish, Jr., August 30, 1973:
This case involves the question of what remedies
are available to a landowner when his property is taken
or damaged by an Authority possessing the power of
eminent domain without a declaration of taking hav-

ing been filed or any other procedure provided by the Eminent Domain Code[1] (Code) having been followed before the taking.

Appellant is an owner of a tract of land in Springettsbury Township, York County. In July of 1970, Appellee, Springettsbury Township Sewer Authority, entered upon Appellant's premises and constructed a sewer line without having filed a declaration of taking. On May 24, 1972 Appellant filed an action in equity in which it sought (1) an injunction forcing the Authority to remove the sewer and restore the property to its original state; and (2) damages, both actual and punitive, for the alleged unlawful entry on and seizure of appellant's land. On June 1, 1972, the Authority filed a Declaration of Taking with respect to the land in question.[2] On June 15, 1972, Appellee filed preliminary objections to Appellant's equity action basically alleging that Appellant's exclusive remedy in this matter was under The Eminent Domain Code. Thereafter Appellant filed Preliminary Objections to the Declaration of Taking asserting that the Declaration should be dismissed because of the pendency of the prior equity action. In the alternative, Appellant alleged that the construction of the sewer line was unlawful and unreasonably situated.

The two actions were consolidated and argued[3] before the Court of Common Pleas of York County. That court held that the Code provided an exclusive remedy and that the equity action should be dismissed. The

---

[1] Act of June 22, 1964, P. L. 86 §§1-101 et seq., 26 P.S. §§1-101 et seq.

[2] On April 5, 1972, Appellee had adopted a resolution authorizing the condemnation of a portion of Appellant's land for construction purposes but the Declaration of Taking authorized by this resolution was not filed until after the filing of Appellant's equity action.

[3] Counsel on both sides agreed that argument would be on the question of whether the matter should proceed in equity.

court also overruled the Preliminary Objections to the Declaration of Taking which were based on allegations that the sewer line was unlawful and unreasonably situated.

Appellant's first contention is that equity has jurisdiction to issue injunctive relief when a municipality constructs a sewer line without filing condemnation proceedings. In essence, Appellant argues that when a municipality has not filed a Declaration of Taking, equity is available to challenge the right, power and authority of the municipality to exercise the right of eminent domain. In limited circumstances, this proposition may be correct but under the facts of this case, we hold that equity does not have jurisdiction to challenge the validity of the taking.

At the outset, we note that this was a situation where the *de facto* taking was completed before any Declaration of Taking was filed and furthermore, that Appellant's equity action was filed before the Declaration of Taking. Under these circumstances, the cases of *Valley Forge Golf Club v. Upper Merion Township,* 422 Pa. 27, 221 A. 2d 126 (1966) and *Faranda Appeal,* 420 Pa. 295, 216 A. 2d 769 (1966) are not determinative of the issue before us. Those cases involved the attempted invocation of equity to restrain a proposed condemnation or to question the validity of condemnation prior to entry.

*Mahan v. Lower Merion Township,* 418 Pa. 558, 212 A. 2d 217 (1965), however, is instructive on this issue. That case involved a challenge, in equity, to the validity of a condemnation. The township had enacted an ordinance condemning certain premises and had authorized the execution of a bond to secure payment of damages. The landowners sought to restrain the township from proceeding by challenging, in equity, its right, power and authority to condemn. Our Supreme Court there held that equity had no jurisdiction to determine

that issue since there was an adequate procedure provided by statute. Although the case seemed to be a challenge to a proposed condemnation, the Court specifically stated that "a court of equity has no jurisdiction to determine whether a municipal authority has the right of eminent domain or *whether it has properly exercised any right of eminent domain."* (Emphasis added.) 418 Pa. at 560, 212 A. 2d at 218. The Court cited *Pittsburgh Rwys. Co. v. Port. of Alleg. Co. Auth.*, 415 Pa. 177, 202 A. 2d 816 (1964), and *Cunfer v. Carbon Airport Auth.*, 414 Pa. 408, 200 A. 2d 768 (1964) for this proposition. The Court was of the opinion that the Eminent Domain Code, specifically §406, 26 P.S. §1-406, provided the proper procedure for the petitioner to follow. *See Redding v. Atlantic City Electric Co.*, 440 Pa. 533, 269 A. 2d 680 (1970). Following the reasoning of those decisions, we hold that §406, 26 P.S. §1-406 provides adequate protection for any rights that the Appellant seeks to assert under the facts of this case.

That section provides that a condemnee may file preliminary objections to a declaration of taking challenging "(1) the power or the right of the condemnor to appropriate the condemned property unless the same has been previously adjudicated; . . . (3) any other procedure followed by the condemnor; or (4) the declaration of taking." This is exactly what Appellant here would like to do but contends that, since the *de facto* condemnation has been completed, its right to challenge the propriety of the taking in the first instance is not protected. Appellant alleges that the Code provides only damages[4] in this situation and does not provide a procedure for removal of the construction if the taking were found to have been invalid.

In order to safeguard this right of questioning the validity of a completed *de facto* condemnation, §406

---

[4] See §502(e) of the Eminent Domain Code, 26 P.S. §1-502(e).

must be interpreted as enabling the lower court to order removal if the construction is found to be invalid in the first instance and we so hold. This interpretation is supported by the language of Section 406(e) which provides that the court of common pleas determine all preliminary objections and "make such preliminary and final orders as justice shall require. . . ." Such a holding insures not only administrative efficiency in having the Eminent Domain Code govern this situation but also adequate protection of constitutional rights since the Court may assess damages or provide other redress. *See generally Snitzer*, Eminent Domain §201(1)-6.

*Commonwealth Appeal*, 429 Pa. 254, 239 A. 2d 343 (1968) is inapposite here since the language of §406 under which that case was decided has since been amended. *See* 429 Pa. at 258, 239 A. 2d at 345, n.2.

It must be noted that this holding applies only where, as here, a declaration of taking has been filed. Section 502(e) of the Code provides for a petition for the appointment of viewers by the condemnee in a *de facto* taking situation. There is, however, the possibility that a landowner does not want damages in a completed *de facto* taking situation but wants to challenge the initial validity of the taking. It may happen that the Authority, for whatever reason, has not filed a declaration of taking. Thus the landowner is in a situation where his land has been taken but he does not want damages, he wants the land back in its original posture. He does not wish to proceed under §502 (e) and there is no declaration of taking to challenge under §406 whereby his rights may be protected. In that situation, equity may be invoked in order to force the authority to proceed with proper condemnation proceedings. This is the only method by which the landowner may protect his rights. *See* 11 McQuillan, Municipal Corporations, §32.129; *Lutz v. Allegheny Coun-*

*ty,* 302 Pa. 488, 153 A. 903 (1930) ; concurring opinion of Mr. Justice ROBERTS in *Cunfer v. Carbon Airport Authority,* 414 Pa. 408, 411, 200 A. 2d 768, 769 (1964).

Appellant, as an alternative to its argument that the equity action had foreclosed the condemnation proceeding, filed preliminary objections to the declaration of taking challenging the right, power and authority of the condemnor to execute this taking alleging that the construction was unlawful and that the placement was unreasonable. This is the traditional challenge to such a proceeding as provided by §406, 26 P.S. §1-406. As previously noted, it was agreed by both parties that arguments on this issue would not be proferred and that argument would be limited to the validity of the equity action and whether that action was the proper procedure to follow.

All of the foregoing notwithstanding, the lower court dismissed these preliminary objections. This was error.

The Appellant should have been allowed the opportunity to argue the merits of the validity of the taking in the first instance. The lower court specifically noted that the merits of these objections had not been argued but felt that since the equity action was foreclosed and that Appellant had an adequate remedy under the Code, these objections could be overruled. The Court limited the remaining proceedings to a determination of the damages sustained by Appellant.

Under that interpretation and ruling, Appellant could never have challenged the validity or propriety of the taking in the first instance. Neither the Code nor decisional law direct that result and, indeed, mandate the opposite. Appellant must be given the opportunity to argue the validity and propriety of the initial taking. If the lower court, for whatever reason, finds that the initial taking was improper, it may order whatever redress that justice demands under §406(e),

8

including removal of the construction and restoration of the property. Otherwise the basic right of a landowner to question the taking of his property will have been lost in a procedural morass.

Accordingly, we issue the following:

### ORDER

AND Now, this 30th day of August, 1973, the Order of the lower court is affirmed insofar as it sustains the preliminary objections to Ramad Realty's equity action; the Order of the lower court is reversed insofar as it overrules Ramad Realty's preliminary objections to validity of the Declaration of Taking in the eminent domain action; the record is hereby remanded for further proceedings consistent with this Opinion.