## South Whitehall Condemnation Case

Samuel A. Scott, of Butz, Hudders & Tallman, for condemnor.

James B. Martin, William C. Wickkiser, Michael J. Piosa and Wallace C. Worth, Jr., for condemnees.

DAVISON, J., June 25, 1974.—We have before us the question of the proper procedure to be followed where preliminary objections, which question the very essence of the taking, are filed in a condemnation proceeding.

The condemnees of Tracts Nos. 5, 6, and 7,[1] have filed preliminary objections to the declaration of taking of South Whitehall Township, asserting (1) that the declaration of taking fails to demonstrate that the taking is for a public use, and (2) that the pledge of the condemnor's taxing power does not constitute adequate security to guarantee the payment of just compensation.[2]

---

[1] Oral argument was presented only by counsel involved in Tracts Nos. 5 and 6; with respect to Tract No. 7, counsel stipulated to abide by our disposition of the preliminary objections to the taking of Tracts Nos. 5 and 6.

[2] The condemnees argue, inter alia, that although as a general proposition the condemnor is deemed to pledge its taxing power

Numerous decisions have held that preliminary objections provide the exclusive means for challenging a condemnation effectuated by a declaration of taking. Moreover, the parties must abide by the procedure set forth in section 406 of the Eminent Domain Code[3] and this is so particularly where, as here, factual as well as legal issues have been raised. In the absence of evidence on the questions of public use and the adequacy of security, those issues are incapable of resolution. None of the parties have undertaken to develop evidence with respect to the matters raised, and even though the attorneys may have overlooked the import of section 406 of the code, we are not in a position to rule on the merits of the objections: Ramad Rlty. Corp. v. Springettsbury Tp. Sewer Auth., 10 Pa. Commonwealth Ct. 1, 309 A. 2d 80 (1973); Rawls v. Central Bucks Joint School Building Auth., 8 Pa. Commonwealth Ct. 491, 303 A. 2d 863 (1973); Jacobs v. Nether Providence Township, 6 Pa. Commonwealth Ct. 594, 297 A. 2d 550 (1972); Golden Dawn Shops, Inc. v. Phila. Redevelopment Authority, 3 Pa. Commonwealth Ct. 314, 282 A. 2d 395 (1971); Faris Appeal, 435 Pa. 55, 254 A. 2d 653 (1969); Nanticoke Redevelopment Authority v. Stavitski, 53 D. & C. 2d 504 (1971).

In Jacobs v. Nether Providence Township, supra, President Judge Bowman, of the Commonwealth Court stated:

"The role of preliminary objections to a formal declaration of taking in eminent domain cases as

as security, that principle does not apply here since the supporting ordinance enacted by the governing body (a copy of which is attached to the declaration of taking) recites the intention of the township to fund the project through Federal and State government grants, as distinct from its own taxing power. They further argue that there is no basis for the township's assumption that such grants will be available.

[3] Act of June 22, 1964, P. L. 84, art. I, sec. 101, et seq., 26 PS §1-101, et seq.

prescribed by Section 406 of the Eminent Domain Code, 26 P.S. §1-406, and as construed by the Supreme Court and this Court is not precisely that of preliminary objections as prescribed by the Pennsylvania Rules of Civil Procedure in actions covered by those rules. In eminent domain cases, they serve a somewhat broader purpose and are intended as a procedure to resolve expeditiously threshold legal issues without awaiting further proceedings before viewers and possibly a jury trial on appeal from a viewer's report. In directing the court to determine promptly all preliminary objections, to make such orders as necessary, including a final order, and to take evidence by deposition or otherwise if issues of fact are raised, the provisions of Section 406 manifest a legislative intent to have such matters judicially determined prior to further proceedings thereby avoiding what might prove to be the unnecessary expenditure of considerable amounts of money and time incident to proceedings before viewers and to a jury trial on appeal from a viewer's report. McConnell Appeal, 428 Pa. 270, 236 A. 2d 796 (1968); Golden Dawn Shops, Inc. v. Philadelphia Redevelopment Authority, 3 Pa. Commonwealth Ct. 314, 282 A. 2d 395 (1971)."

In Golden Dawn Shops, Inc. v. Redevelopment Authority, supra, the Court said:

"Section 406 provides that preliminary objections are the exclusive means of challenging the power to condemn. As there was no hearing below, it is impossible to know upon what facts, if any, the court below concluded, as it must have done, that the condemnation was for the public purpose asserted by the Authority and not the private purpose averred by the appellant. The appellant was entitled to an evidentiary hearing on this issue. Kramer Appeal, supra; Faranda Appeal, 420 Pa. 295, 216 A. 2d 769 (1966)."

The attorney for the condemnor argues that the importance of the project contemplated by the township requires speedy disposition of this proceeding. As the court observed in Golden Dawn Shops, Inc. v. Redevelopment Authority, supra, the pressures attendant to urgency sometimes produce bad law and, in any event, are no justification for ignoring or disregarding the rights of property owners to a proper determination of their preliminary objections. especially where those objections constitute their sole means of challenging this condemnation.

## ORDER

*Now*, June 25, 1974, it is ordered that, in accordance with the provisions of the Eminent Domain Code, the condemnees are directed to proceed by depositions to take testimony in support of the allegations contained in condemnees' preliminary objections, said depositions to be filed within 60 days hereof and thereafter the parties are directed to proceed in accordance with the Pennsylvania Rules of Civil Procedure.