St. Catherine Church, St. Jude Church, Appellants *v.* The Mountaintop Area Joint Sanitary Authority, Appellee.

Argued March 6, 1981, before Judges BLATT, CRAIG and WILLIAMS, JR., sitting as a panel of three.

*John L. McDonald,* for appellants.

*Joseph P. Mellody, Jr.,* for appellee.

OPINION BY JUDGE CRAIG, April 1, 1981:

St. Catherine Church and St. Jude Church appeal from the order of the Court of Common Pleas of

Luzerne County which dismissed their complaints in ejectment and trespass against the Mountaintop Area Joint Sanitary Authority.

The churches alleged that the authority wrongfully entered their lands and constructed sewer lines across them without filing any declaration of taking or otherwise exercising its power of eminent domain. That the authority filed no declaration and that the lines were so laid is uncontested.

In sustaining preliminary objections by the authority, the lower court reasoned that the churches' exclusive remedy here was to treat the alleged authority action as a *de facto* taking and petition for the appointment of viewers under §502(e) of the Eminent Domain Code.[1] The churches contend that remedy is inadequate because viewers can only assess damages, and that trespass and ejectment should lie to permit the abatement of the alleged unlawful entry and ouster of the authority.

*Ramad Realty Corp. v. Springettsbury Township Sewer Authority*, 10 Pa. Commonwealth Ct. 1, 309 A.2d 80 (1973), controls this case. We there clearly held that §406 of the Eminent Domain Code enables the common pleas court "to order removal if the construction is found to be invalid in the first instance," thus ultimately affording a complete and therefore exclusive remedy for an invalid taking.

*Ramad* likewise clearly stated that, in situations like this case, where a *de facto* taking has been accomplished, and the landowner "does not wish to proceed under §502(e) [for damages] and there is no declaration of taking to challenge [by preliminary objections] under §406 ... equity may be invoked in

---

[1] Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-101 *et seq.*

order to force the authority to proceed with proper condemnation proceedings. This is the only method by which the landowner may protect his rights." 10 Pa. Commonwealth Ct. at 6, 309 A.2d at 83.

Accordingly, we affirm the common pleas court's dismissal of the complaints in trespass and ejectment, leaving the churches with their option to compel, through equity, the filing of a declaration of taking, the validity of which can then be attacked by preliminary objections under the Eminent Domain Code.

Indeed, if the allegations are well founded, we cannot see why the authority here should not obviate the need for an ancillary equity proceeding by voluntarily filing a declaration, so that the churches may proceed directly under the Eminent Domain Code.

ORDER

AND Now, April 1, 1981, the June 30, 1980 order of the Court of Common Pleas of Luzerne County at No. 879-C of 1980 is affirmed.

This decision was reached prior to the expiration of the term of office of Judge WILKINSON, JR.