465

# Craig v. Pa., Department of Transportation

*J. Michael Baggett,* for plaintiff.
*Nancy J. Norkus,* for the Commonwealth.
*Samuel P. Kamin,* for Braddock Hills.

NARICK, *A.J.,* May 28, 1985—This case is before the court for disposition of defendants' preliminary objections to plaintiff's amended complaint. We sustain the objections in part for the reasons set forth herein.

In this equity action, plaintiff is seeking to compel the Pennsylvania Department of Transportation (PennDOT) and the Borough of Braddock Hills to file a declaration of taking so that pursuant to section 406 of the Eminent Domain Code, 26 P.S. §1-406, she may challenge the alleged taking of her property. Plaintiff alleges that as a result of defendants' construction of a drainage system and sewer culvert on an adjacent road, drainage water has been diverted onto her property, creating a large ditch and subjecting the property to substantial erosion. The ultimate relief sought by plaintiff is the restoration of her property to its condition prior to the drainage and sewer construction.

The first question we must decide is whether this court has jurisdiction over an action to compel PennDOT to file a declaration of taking, or whether such an action is within the exclusive jurisdiction of the Commonwealth Court. Under its statutory grant of jurisdiction, 42 Pa.C.S. §761, the Commonwealth Court has exclusive original jurisdiction of all civil actions or proceedings against the Commonwealth government, except eminent domain proceedings. We do not believe that an action to compel PennDOT to file a declaration of taking can itself be characterized as an eminent domain proceeding. Although this court will have jurisdiction over subsequent proceedings if plaintiff is successful in obtaining injunctive relief, the decision as to whether plaintiff has a right to such relief against PennDOT is within the equity jurisdiction of the Commonwealth Court. Accordingly, we transfer plaintiff's action against PennDOT to the Commonwealth Court.

As "the Commonwealth Government" does not embrace the Borough of Braddock Hills, we do have jurisdiction over this action against the borough and will dispose of the borough's remaining preliminary objections. The borough objects to the maintenance of this equity action on the ground that plaintiff has an adequate remedy at law, to wit, an action for damages under section 502(e) of the Eminent Domain Code, 26 P.S. §1-502(e). However, where there has been a de facto taking and the landowner does not wish to seek damages under section 502(e) but rather wishes to challenge the validity of the taking and to have the land restored to its original condition, "equity may be invoked in order to force the authority to proceed with proper condemnation proceedings." St. Catherine Church v. Mountaintop Area Joint Sanitary Authority, 58 Pa. Commw. 181,

182, 183, 427 A.2d 726, 727 (1981), quoting Ramad Realty Corp. v. Springettsbury Township Sewer Authority, 10 Pa. Commw. 1, 6, 309 A.2d 80, 83 (1973). As this is the situation set forth in plaintiff's amended complaint, we find that plaintiff's claim is cognizable in equity.

The borough further objects that the amended complaint fails to state a cause of action because plaintiff has failed to allege the time when the construction of the sewer and drainage system took place. Paragraph 7 of the amended complaint alleges that:

"The exact date on which said drainage system and sewer culvert were constructed is unknown to plaintiff and knowledge of same is in the possession of defendants."

A demurrer challenges the legal adequacy of the complaint rather than its specificity, Local no. 163, International Union of United Brewery, Flour, Cereal, Soft Drink and Distillery Workers of America v. Watkins, 417 Pa. 120, 207 A.2d 776 (1965), and will only be granted when it appears with certainty, upon the facts pleaded, that the law will not permit recovery by plaintiff, Schott v. Westinghouse Electric Corp., 436 Pa. 279, 259 A.2d 443 (1969). Further, where material facts are in the exclusive or superior knowledge of defendant and plaintiff so pleads, we are to view the complaint with leniency in disposing of a demurrer. Line Lexington Lumber & Millwork Co., Inc. v. Pennsylvania Publishing Corp., 451 Pa. 154, 301 A.2d 684 (1973). However, the simple fact that defendant has knowledge of material facts does not excuse plaintiff from pleading such facts, as plaintiff may commence her action by filing a praecipe for a writ of summons and obtain necessary information through discovery.

Gross v. United Engineer & Constructors, Inc., 224 Pa. Super. 233, 302 A.2d 370 (1973).

In this case, it is clear that the borough, through its records, should have knowledge of when the culvert and drainage system was constructed. But it is not clear from the amended complaint why the plaintiff does not know the time of construction, or why defendant would have exclusive or superior knowledge as to that information.* If plaintiff does not have personal knowledge of the construction as the landowner, such information would appear to be readily available as a matter of public record. In these circumstances, we do not believe it is sufficient to simply allege lack of knowledge. Accordingly, we will sustain the demurrer and dismiss the amended complaint. However, as the failure to allege the time of construction does not allow us to say with certainty that plaintiff will not be able to state a cause of action, we will not dismiss the complaint with prejudice, but will grant plaintiff 20 days to again amend her complaint so as either to provide the time of construction or to set forth reasons why plaintiff does not have ready access to such information.

Defendant finally objects to the complaint on the ground of laches. As laches is an affirmative defense which must be raised in a responsive pleading as new matter and not in preliminary objections, Pa.R.C.P. 1030, we dismiss this objection.

In accordance with the foregoing, we enter the following

---

* Plaintiff does set forth in her brief in opposition to the preliminary objections that she does not know when the culvert was constructed because the construction was completed before she obtained title to the property. In disposing of the demurrer, however, we cannot consider facts set forth in a brief but not pleaded in the complaint. See Gross, supra, at 235.

## ORDER OF COURT

And now, this May 28, 1985, it is hereby ordered, adjudged and decreed that the preliminary objection of defendant, Commonwealth of Pennsylvania, Department of Transportation, raising a question of jurisdiction be sustained and that plaintiff's action against the Department of Transportation be transferred to the Commonwealth Court.

It is further ordered that the preliminary objection of defendant, Borough of Braddock Hills, in the nature of a demurrer is sustained. Plaintiff is hereby granted 20 days from the date of this order to file an amended complaint in compliance with our opinion herein.

The remaining preliminary objections of defendant, Borough of Braddock Hills, are dismissed.