514 A.2d 981

Mary M. Hunsicker and Standard Wheel & Rim Company, Petitioners *v.* Commonwealth of Pennsylvania, Department of Transportation and City of Harrisburg, Respondents.

Argued June 12, 1986, before Judge MacPhail, and Senior Judges Rogers and Barbieri, sitting as a panel of three.

*Gary E. French, Keefer, Wood, Allen & Rahal,* for petitioners.

*Thomas M. Crowley,* Deputy Attorney General, with him, *Andrew S. Gordon,* Chief Deputy Attorney General, Chief, Litigation Section, *LeRoy S. Zimmerman,* Attorney General, *Glenn R. Davis* and *Judith B. Schimmel,* for respondents.

Opinion by Judge MacPhail, September 8, 1986:

Mary M. Hunsicker (Hunsicker) the owner of a premises at 200 South Cameron Street, Harrisburg, Pennsylvania, and Standard Wheel & Rim Company (Standard), the sole tenant of that premises, hereinafter sometimes collectively identified as Petitioners, have brought suit in our original jurisdiction requesting that we direct the Department of Transportation (DOT) and the City of Harrisburg (City) to initiate condemnation proceedings and stay all construction activities with

regard to a 12 foot strip of real estate which provides access to a parking lot located at the rear of the premises until those proceedings have been resolved. DOT has filed preliminary objections which are presently before us for disposition.

From the petition for review we ascertain the following facts. The east property line of the premises is along South Cameron Street. The premises is bordered on the north by Mulberry Street and on the west by Paxton Creek. For some years, Petitioners have used a 12 foot paved strip contiguous to their north property line and running parallel with that property line and Mulberry Street, for access to a parking lot located at the rear of the premises. There is a "curb cut" along South Cameron Street which Standard uses to enter the 12 foot strip. Petitioners have no other means of access to the parking lot.

In November of 1985, DOT began reconstruction work on South Cameron Street and on Mulberry Street, as a result of which the existing curb cut on South Cameron Street will be eliminated, thus preventing Petitioners from using the 12 foot strip and thereby denying access to the parking lot.

It is evident that the 12 foot strip is not situate on the premises identified as 200 Cameron Street but rather is a part of the Mulberry Street right of way. Petitioners aver, however, that the City by its prior action of approving Petitioners' installation of a private sidewalk and the curb cut and its failure to maintain the 12 foot strip, has abandoned it and that Petitioners are now the legal owners thereof. In the alternative, Petitioners claim that DOT's proposed action unlawfully denies them access from the premises to Mulberry Street which, it is alleged, is a part of the City's dedicated public road system.

In its preliminary objections, DOT raises the question of this Court's jurisdiction contending that Petitioners' rights, if any, must be pursued in the court of common pleas under the provisions of Sections 502(e) and 612 of the Eminent Domain Code (Code), Act of June 22, 1964, Spec. Sess., P.L. 84, *as amended,* 26 P.S. §§1-502(e) and 1-612. In addition, DOT has filed a demurrer contending that any action to compel it to take affirmative action such as requested by Petitioners is barred by the defense of sovereign immunity and that Petitioners have no enforceable legal rights to the 12 foot strip since they do not hold record title and have acquired no right thereto by adverse possession.

DOT argues that *Clearview Land Development Co., Inc., v. Kassab,* 24 Pa. Commonwealth Ct. 532, 357 A.2d 732 (1976) is directly on point and clearly controls our decision in this matter. In *Clearview,* a landowner contended in an action in equity in this Court that the Secretary of Transportation planned to widen 84th Street, a state highway in Philadelphia abutting the landowner's property, to construct curbing along 84th Street and to erect a median strip. The landowner contended that these actions would interfere with its access to its property and requested that the Court order the Secretary to file a declaration of taking. The landowner in *Clearview,* as the Petitioners here, argued that it wanted to stay in business and that damages under the code would be an inadequate remedy. Our Court held that since provision is made in Section 612 of the Code for damages for permanent interference with access, and Section 502 provides a remedy where no declaration of taking has been filed, there is a "complete and exclusive" remedy under the Code which must be pursued by the landowner.

Petitioners here contend, however, that Section 502 gives them no opportunity to challenge DOT's "taking."

They direct our attention to *Ramad Realty Corp. v. Springettsbury Township Sewer Authority,* 10 Pa. Commonwealth Ct. 1, 309 A.2d 80 (1973) and *St. Catherine Church v. The Mountaintop Area Joint Sanitary Authority,* 58 Pa. Commonwealth Ct. 181, 427 A.2d 726 (1981), as authority for equitable intervention in this case. In *Ramad,* this Court held that where a landowner's property has been taken and no declaration of taking has been filed, the landowner may proceed in equity to challenge the validity of the taking rather than limiting itself to damages under Section 502. Although that language was dicta inasmuch as a declaration of taking had been filed in that case, we affirmed that language in *St. Catherine* as a right available to a landowner to compel a condemnor to proceed with "proper" condemnation proceedings.

It is important to note, however, that both *Ramad* and *St. Catherine* involved the alleged unlawful entry by municipal authorities on lands *owned* by the plaintiffs. Despite Petitioners' creative pleading here that they have somehow acquired title to the 12 foot strip at issue, the law is clear that they have no recognizable claim of title. One cannot obtain title to a public street by use, whether the use is adverse or permissive. *Kopf v. Utter,* 101 Pa. 27 (1882). Neither can a city abandon a public road. It can vacate it on its own motion or at the request of property owners, but until the City has initiated the proper procedures for doing so, no property owner can claim title to a public road.[1]

Since Petitioners have no title to the 12 foot strip, they have no right to challenge, in equity, DOT's actions with respect to it. We, accordingly, hold that *Ramad*

---

[1] *See* Sections 2916 and 2918 of The Third Class City Code, Act of June 23, 1931, P.L. 932, *as amended,* 53 P.S. §§37916 and 37918 and *see* discussion in *Petition of Fried-El Corp.* 81 Pa. Commonwealth Ct. 493, 474 A.2d 713 (1984).

and *St. Catherine* are inapplicable to the case *sub judice*.

Concerning Petitioners' alternate pleading that DOT's actions deny them access to a public street, we hold that Petitioners' rights are clearly restricted to damages recoverable under Section 612 of the Code. *Clearview.*

We conclude that jurisdiction of this case lies with the court of common pleas for determination of Petitioners' rights under the provisions of the Code. Pa. R.A.P. 751 requires that we transfer this case to the court having jurisdiction rather than dismissing it. Appended to DOT's brief is an opinion of the Dauphin County Court of Common Pleas, filed to No. 4515, 1985, In Equity, and an order of that Court dated February 3, 1986 dismissing an action similar to the one now before us. We, nevertheless, will follow the provisions of the rule inasmuch as it appears that the City was not a party to the case previously filed in Dauphin County.

## ORDER

The preliminary objection of the Department of Transportation raising the question of jurisdiction is sustained. The Chief Clerk is directed to transfer the case to the Dauphin County Court of Common Pleas pursuant to the provisions of Pa. R.A.P. 751.

Jurisdiction relinquished.