IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Condemnation of Premises   :
Owned by Roy E. Powell, II, In   :
Township of Logan by Altoona/   :   No.  227 C.D. 2022
Logan Township Mobile Emergency   :
Medical Department Authority   :   Submitted:  December 4, 2023
   :
Appeal of: Roy E. Powell, II   :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE LORI A. DUMAS, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH               FILED: January 9, 2024

In this eminent domain proceeding, Roy E. Powell, II (Powell) appeals *pro se* from the February 16, 2022 Order of the Court of Common Pleas of Blair County (trial court), which denied his motion for joinder, trespass, and ejectment. Upon review, we affirm.

## I.     Factual and Procedural History

The Altoona/Logan Township Mobile Emergency Department Authority (Authority)[1] constructed a new ambulance station in the Lakemont section of Logan Township, Blair County. To supply adequate electricity to the facility, Pennsylvania Electric, Inc. (Penelec), the public utility corporation which supplies the region with

---

[1] The Authority is a Pennsylvania municipal authority incorporated by the City to provide emergency medical and ambulance services to Altoona and the Township of Logan in Blair County pursuant to the Municipalities Authorities Act of May 2, 1945, P.L. 382, *as amended*, *formerly* 53 P.S. §§ 301-322, repealed by the Act of June 19, 2002, P.L. 287. Similar provisions are now found at 53 Pa. C.S. §§ 5601-5623, the Municipality Authorities Act.

electrical service, determined that it was necessary to install a three-phase electrical power line. Penelec also determined that the most cost-effective and efficient way to do so was to upgrade an existing single-phase power line which already ran along an unopened alley behind the properties in the neighborhood where the ambulance station was being built. This line has provided three-phase power to other properties in the neighborhood for many years but became a single-phase line at the block before the Authority's property. The single-phase power line had been in place for many decades and was already providing power to all the properties located along the unopened alley, including Powell's property. Penelec's position was that it already possessed a 15-25-foot prescriptive easement for the existing single-phase power line but desired a 25-foot easement for the three-phase line, which was its standard. As a result, additional easements needed to be acquired to provide the additional desired width. Penelec tasked the Authority with acquiring easements from the owners of all the properties on the block before its property to facilitate installation of the line. The Authority was able to obtain easements from all the owners effected, other than Powell and one other property owner.

As a result, the Authority filed a Declaration of Taking on November 19, 2019, to condemn a portion of property owned by Powell for the purpose of installing a three-phase power line on existing poles for purposes of providing for the new ambulance facility's electrical requirements. Powell filed Preliminary Objections to the Declaration of Taking. The trial court overruled the Preliminary Objections by order dated March 17, 2020. Powell then filed an appeal to this Court on July 15, 2020. On July 6, 2021, this Court reversed the trial court's June 17, 2020 order, holding that the Authority did not have statutory power to condemn for the purpose of installing the power lines and that the description of the property in the Declaration of Taking was

2

inadequate and failed to identify what portion of the property would be condemned. *See In Re: Condemnation of Premises Owned by Roy E. Powell, II, in the Township of Logan by Altoona/Logan Township Mobile Emergency Medical Department Authority*, 260 A.3d 298 (Pa. Cmwlth. 2021).

The matter then proceeded to judicial mediation before the Honorable Jolene Grubb-Kopriva on December 3, 2021. The case was not resolved. In the meantime, Penelec trimmed the trees on Powell's property which interfered with its single-phase power line and installed the necessary wires to upgrade the line to three-phase power. According to Penelec, at all times relevant hereto, Penelec's tree trimming and wire installation did not exceed the 15-foot prescriptive easement which Penelec maintains it already possessed for the existing single-phase line. (Supplemental Reproduced Record (S.R.R.) at 23b.)

On January 27, 2022, Powell filed a "Motion for Joinder, Trespass and Ejectment" (Motion), asserting that on September 4, 2020, Penelec cut five mature trees on his property at the area where the Authority had previously proposed a new electrical line. The motion further asserted that "[o]n or about October 25, 2020, Penelec and/or its agents, acting at the Authority's direction, constructed an electrical transmission line over the land of Powell" without his permission. (Reproduced Record (R.R.) at 1a.) Powell alleged that Penelec constructed the power line "at the request of the [Authority]." *Id.* at 2a. Powell alleged that he contacted Penelec to request that it remove the power line, but Penelec did not respond. *Id.*

In his Motion, Powell sought the joinder of Penelec as a party to the instant eminent domain matter so that it could be ordered to remove the three-phase power line and be assessed damages for a supposed trespass to Powell's property. *Id.* at 1a. In the Motion, Powell took the position that the Authority was somehow in control of

3

Penelec's actions and that liability for said actions was shared between them. Powell conceded that eminent domain proceedings are governed by the Eminent Domain Code, 26 Pa. C.S. §§ 101-1106, and not the Pennsylvania Rules of Civil Procedure (Pa.R.Civ.P.). Nevertheless, he argued that Pa.R.Civ.P. 2252(a)(1) and (2),[2] were "instructive" because he believed Penelec may be "liable to or with the joining party on any cause of action arising out of the transaction." *Id.* at 3a.

The Authority filed a response, arguing that joinder of Penelec to pursue trespass and ejectment claims was inappropriate as Penelec is an entity clothed with the power of eminent domain and that the exclusive remedy was to treat Penelec's actions as a *de facto* taking and to proceed under Section 502(c) of the Eminent Domain Code, 26 Pa. C.S. § 502(c).[3] *Id.* at 14a-15a. It further argued that this Court's July 6,

---

[2] Pa.R.Civ.P. 2252(a)(1) and (2) (Right to Join Additional Defendants) provides:

(a) Except as provided by Rule 1706.1, any party may join as an additional defendant any person not a party to the action who may be

(1) solely liable on the underlying cause of action against the joining party, or

(2) liable to or with the joining party on any cause of action arising out of the transaction or occurrence or series of transactions or occurrences upon which the underlying cause of action against the joining party is based.

[3] Section 502(c) of the Eminent Domain Code provides:

(c) Condemnation where no declaration of taking has been filed.--

(1) An owner of a property interest who asserts that the owner's property interest has been condemned without the filing of a declaration of taking may file a petition for the appointment of viewers substantially in the form provided for in subsection (a) setting forth the factual basis of the petition.

**(Footnote continued on next page…)**

4

2021 decision effectively terminated the condemnation action, and restored all of Powell's property rights acquired by the Authority's Declaration of Taking, and that the only matter remaining in the eminent domain action was the determination of proper amount of any attorney's fees and costs which may be owed under Section 306(g) of the Eminent Domain Code.[4] *Id.* at 16a.

Penelec also filed a Response to the Motion, arguing as the Authority did, that neither the Eminent Domain Code nor the Pennsylvania Rules of Civil Procedure authorize its joinder to the condemnation proceeding so that Powell can assert claims

---

      (2) The court shall determine whether a condemnation has occurred, and, if the court determines that a condemnation has occurred, the court shall determine the condemnation date and the extent and nature of any property interest condemned.

      (3) The court shall enter an order specifying any property interest which has been condemned and the date of the condemnation.

      (4) A copy of the order and any modification shall be filed by the condemnor in the office of the recorder of deeds of the county in which the property is located and shall be indexed in the deed indices showing the condemnee as grantor and the condemnor as grantee.

26 Pa. C.S. § 506(c).

   [4] Section 306(g) of the Eminent Domain Code provides:

(g) Costs and expenses.--

      (1) If preliminary objections which have the effect of terminating the condemnation are sustained, the condemnor shall reimburse the condemnee for reasonable appraisal, attorney and engineering fees and other costs and expenses actually incurred because of the condemnation proceedings.

      (2) The court shall assess costs and expenses under this subsection.

26 Pa. C.S. § 306(g).

for trespass and ejectment. *Id.* at 22a-25a. Penelec explained that the line in question has been in place since approximately 1931, and that since that time it or its predecessors have continually owned, operated, and maintained the single-phase power line and the poles. *Id*. at 24a. Penelec maintained that its use of the single-phase power line over the last 90 years included the periodic trimming of trees on Powell's property, that it owns a prescriptive easement over Powell's property, and that the easement permits the normal evolution to accommodate the newer and more capable three-phase power line. *Id.*

On February 16, 2022, the trial court entered an opinion and order dismissing Powell's Motion, without prejudice to Powell's right to file an appropriate action against Penelec pursuant to the Eminent Domain Code. The trial court determined that Powell had not cited any authority under the Eminent Domain Code that would permit the joinder of Penelec. The trial court also agreed with the Authority that because this Court's July 6, 2021 decision effectively terminated the condemnation, and restored all of Powell's property rights pursuant to Section 306(g) of the Eminent Domain Code, 26 Pa. C.S. § 306(g), he was entitled only to reasonable appraisal, and attorney and engineering fees, along with actual costs and expenses incurred during the condemnation. Powell now appeals.[5] His Statement of Questions Involved includes the following three issues which are set forth verbatim:

> 1. Whether [the Authority] committed criminal trespass ([]18 Pa. C.S. §§ 3503(a)[,] (b)[, and] (b.1)), by obtaining a signed easement from Judge Sullivan of the [t]rial [c]ourt, which permitted Penelec, an Agent of [the Authority] to cut trees and construct and install a new

---

[5] "In eminent domain cases, this Court reviews whether the trial court committed an abuse of discretion or an error of law. When an appeal presents a question of law . . . our scope of review is plenary." *In re Condemnation by PPL Electric Utilities Corporation of Real Estate Situate in Schuylkill County*, 68 A.3d 15, 18 n.5 (Pa. Cmwlth. 2013) (citation omitted).

[t]hree-phase transmission line on and over [] Powell's property requested by [the Authority] via a work order to Penelec during an appeal that was reversed and nullified by the Commonwealth Court?

2. Whether cause for ejectment (231 Pa. Code § 1352) (Ejectment Rule 1055) is justified to remove [the Authority's] requested [t]hree-phase transmission line from [] Powell's Property, which [the Authority] did not attain property rights to [] Powell's Property?

3. Whether Penelec can be [j]oined to this lawsuit? (34 Pa. Code §§ 131.36) (Rule 2227[,] Rule 2229 (a)(b)(c)(d) (sic) and Rule 2232(a)(b)(c)?

(Powell's Br. at 6.)[6]

**1.**

Powell's first question put to this Court is whether the Authority committed a criminal trespass as defined by 18 Pa. C.S. § 3503(a), (b), and (b.1)[7] by

---

[6] In the Argument section of his brief, Powell offers a litany of bald allegations and, general assertions, as well as random, irrelevant, and superfluous arguments and exhibits which he believes supports his demand for removal of the power line and receipt of monetary damages related to a claim sounding in tort, making his appeal largely unintelligible. Nevertheless, this Court has endeavored to properly analyze his claims.

[7] 18 Pa. C.S. § 3503(a), (b), and (b.1) provides:

> **(a) Buildings and occupied structures.**--
>
> (1) A person commits an offense if, knowing that he is not licensed or privileged to do so, he:
>
> (i) enters, gains entry by subterfuge or surreptitiously remains in any building or occupied structure or separately secured or occupied portion thereof; or
>
> (ii) breaks into any building or occupied structure or separately secured or occupied portion thereof.

**(Footnote continued on next page…)**

7

(2) An offense under paragraph (1)(i) is a felony of the third degree, and an offense under paragraph (1)(ii) is a felony of the second degree.

(3) As used in this subsection:

"Breaks into." To gain entry by force, breaking, intimidation, unauthorized opening of locks, or through an opening not designed for human access.

**(b) Defiant trespasser.--**

(1) A person commits an offense if, knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by:

(i) actual communication to the actor;

(ii) posting in a manner prescribed by law or reasonably likely to come to the attention of intruders;

(iii) fencing or other enclosure manifestly designed to exclude intruders;

(iv) notices posted in a manner prescribed by law or reasonably likely to come to the person's attention at each entrance of school grounds that visitors are prohibited without authorization from a designated school, center or program official;

(v) an actual communication to the actor to leave school grounds as communicated by a school, center or program official, employee or agent or a law enforcement officer; or

(vi) subject to paragraph (3), the placement of identifying purple paint marks on trees or posts on the property which are:

(A) vertical lines of not less than eight inches in length and not less than one inch in width;

(B) placed so that the bottom of the mark is not less than three feet from the ground nor more than five feet from the ground; and

**(Footnote continued on next page…)**

obtaining a signed easement from the trial court which permitted Penelec to cut trees and construct and install the three-phase power line. As a threshold matter, there is nothing in the record in this case that suggests that the trial court ever signed an easement in favor of the Authority. Moreover, a cursory review of the provisions of the criminal trespass statute makes clear that it is of absolutely no relevance to the instant matter. There is no allegation that Penelec entered any building or structure, it is clearly not a defiant trespasser and did not commit any of the acts which could define it as a simple trespasser, nor have any such acts been alleged. As a result, the statute

---

(C) placed at locations that are readily visible to a person approaching the property and no more than 100 feet apart.

(2) Except as provided in paragraph (1)(v), an offense under this subsection constitutes a misdemeanor of the third degree if the offender defies an order to leave personally communicated to him by the owner of the premises or other authorized person. An offense under paragraph (1)(v) constitutes a misdemeanor of the first degree. Otherwise it is a summary offense.

(3) Paragraph (1)(vi) shall not apply in a county of the first class or a county of the second class.

**(b.1) Simple trespasser.--**

(1) A person commits an offense if, knowing that he is not licensed or privileged to do so, he enters or remains in any place for the purpose of:

(i) threatening or terrorizing the owner or occupant of the premises;

(ii) starting or causing to be started any fire upon the premises; or

(iii) defacing or damaging the premises.

(2) An offense under this subsection constitutes a summary offense.

9

cited in Powell's first question is totally inapplicable to the matters before the trial court which resulted in the order currently on appeal. We need not address the issue further.

**2.**

Next, Powell contends that the trial court should have forced "[the Authority] and Penelec, an agent of [the Authority], to remove the [t]hree-phase transmission line from [his] property which can be done through a Work Change Order to Penelec." (Powell's Br. at 16.) We reject Powell's argument for several reasons.

First, the Authority does not own or have any control over Penelec's power lines. They belong to Penelec. Therefore, the trial court could not have forced the Authority to remove them.

Second, to the extent Powell seeks an order forcing Penelec to remove the power lines, such a request cannot be made in a Motion which would require action on the part of a non-party to the case. A court must have personal jurisdiction over a party to enter a judgment against it. Action taken by a court without jurisdiction is a nullity. *Vogt v. Liberty Mutual Fire Insurance Co.*, 900 A.2d 912, 917 (Pa. Super. 2006).

Third, Penelec is an entity clothed with its own power of eminent domain. Penelec's occupation of any portion of Powell's land, if any, is an issue that must be dealt with by filing a *de facto* taking or inverse condemnation action against Penelec. "When an entity clothed with the power of eminent domain enters and appropriates private property for its own use, the landowner may treat the entity's actions as a *de facto* taking or inverse condemnation and the landowner's exclusive remedy is to proceed under the Eminent Domain Code." *Fulmer v. White Oak Borough*, 606 A.2d 589, 591 (Pa. Cmwlth. 1992). In *St. Catherine Church v. Mountaintop Area Joint Sanitary Authority*, 427 A.2d 726 (Pa. Cmwlth. 1981), the landowners filed an action in trespass and ejectment, alleging that the sewer authority constructed sewer lines

10

across their land without filing a declaration of taking. The trial court dismissed the action, concluding that the exclusive remedy of the landowners was to petition for the appointment of viewers under former Section 502(e) of the Eminent Domain Code of 1964.[8]

Any damage caused to Powell's Property by Penelec's installation of the three-phase power line is expressly covered by the Eminent Domain Code. Section 701 of the Eminent Domain Code provides that "[a] condemnee shall be entitled to just compensation for the taking, injury or destruction of the condemnee's property, determined as set forth in this chapter. Other damages shall also be paid or awarded as provided in this title." 26 Pa. C.S. § 701. Thus, should Powell prove his case against Penelec in eminent domain, the Eminent Domain Code provides a complete remedy.

**3.**

In his third issue, Powell argues that he should be permitted to join Penelec as an additional defendant in this eminent domain action pursuant to "34 Pa. Code §131.36," "Pa.R.C[iv].P. [] 2227 and 2229(a)(b)(c)(d)" and "Pa.R.C[iv].P. 2232(a)(b)(c)." (Powell's Br. at 6.) He does not address the applicability of these rules in his argument, nor does he address how joinder of Penelec is permitted in an eminent domain action. He simply states that Penelec is an "indispensable party." *Id.* at 12. We reject this argument, as well.

The Eminent Domain Code provides the complete and exclusive procedure in law to govern condemnation of property for public purposes and it does not authorize the joinder of additional defendants. Moreover, due to the termination of condemnation by this Court's reversal of the trial court's decision overruling the Preliminary Objections, the award of any damages to Powell is constrained by Section

---

[8] Act of June 22, 1964, Sp. Sess., P.L. 84, *as amended*, *formerly* 26 P.S. § 1-502(e), repealed by the Act of May 4, 2006, P.L. 112.

11

306(g) of the Eminent Domain Code. As a result, the only damages available to Powell instantly are fees, costs, and expenses permitted to be recovered pursuant to that section. It appears that the reason for attempting to join Penelec as part of the instant matter is to allow the assertion of claims for additional damages, which are simply not available to Powell due to the procedural setting of this case.

The order of the trial court is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Condemnation of Premises : 
Owned by Roy E. Powell, II, In : 
Township of Logan by Altoona/ : No. 227 C.D. 2022
Logan Township Mobile Emergency : 
Medical Department Authority : 
 : 
Appeal of: Roy E. Powell, II :

## ***ORDER***

AND NOW, this 9th day of  January, 2024, the February 16, 2022 Order of the Court of Common Pleas of Blair County is hereby AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge